COMMONWEALTH vs. JOSEPH P. RUTKOWSKI.

Plymouth. November 7, 1989. - February 20, 1990.

Present: LIACOS, C. J., WILKINS, ABRAMS, O'CONNOR & GREANEY, JJ.

*Search and Seizure*, Warrant, Presumptions and burden of proof. *Constitutional Law*, Search and seizure. *Practice, Criminal*, Presumptions and burden of proof.

A warrant prepared by a State trooper, without detailed involvement of a judge or any other magistrate, which authorized the search of a residence for "[s]tolen handguns, jewelery [sic] and coins which are more specifically detailed in the supporting affidavit," but to which a copy of the affidavit and its descriptive attachments were not affixed, was invalid as insufficiently specific and, consequently, certain evidence, seized pursuant to the unlawful warrant, should have been suppressed in accordance with the principles underlying art. 14 of the Massachusetts Declaration of Rights and G. L. c. 276, § 2, where the police did not have with them any description of the items to guide the scope of the search or to inform the defendant of that scope. [675-677]


INDICTMENTS found and returned in the Superior Court Department on February 25, 1986, and March 4, 1986, respectively.

A motion to suppress evidence was heard by *George N. Hurd, Jr.*, J., and the cases were tried before *Robert Malcolm Graham*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Joseph S. Callahan* for the defendant.

*Mary O'Sullivan Smith*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. We deal with a claim, raised under the Constitutions of the Commonwealth and of the United States, and G. L. c. 276 § 2 (1988 ed.), that a search of the defendant's residence pursuant to a search warrant was unlawful.

The search warrant authorized the seizure of "[s]tolen hand-guns, jewelery [*sic*] and coins which are more specifically detailed in the supporting affidavit." Also involved, if the seizure of incriminating evidence was unlawful, is the question whether, in the circumstances, the evidence should have been suppressed. We conclude that the defendant's motion to suppress should have been allowed.[1]

On November 21, 1985, a State trooper assigned to the office of the district attorney for the Plymouth district presented an affidavit in support of an application for a search warrant to an assistant clerk of the Brockton District Court. That affidavit presented probable cause to search the residence of the defendant for property believed to have been stolen: "Handguns, Jewelery [*sic*] and Coins which are more specifically detailed in the attached list which is attached hereto and incorporated herein."[2] Although the attached documents did not describe any coins, they contained precise sketches of five pieces of limited edition jewelry that had allegedly been taken from a residence in Brockton, and listed numerous guns by make and model number, some or all of which were also allegedly stolen from the Brockton residence.

Although the search warrant described the property to be seized as "[s]tolen handguns, jewelery [*sic*] and coins which are more specifically detailed in the supporting affidavit," a copy of the affidavit and its descriptive attachments was not affixed to the warrant as it could have been.[3] It seems reasonable to infer, although there was no testimony on the point, that the search warrant was not prepared by the assis-

---

[1] The defendant was convicted on two indictments charging him with receiving stolen property, and we transferred his appeal here on our own motion.

[2] The application also refers to the property as: "Handguns which are more specifically described in the attached Brockton Police Report and it's [*sic*] attachment, Jewelery [*sic*] and Coins."

[3] Under G. L. c. 276, § 2B (1988 ed.), the clerk magistrate must retain the affidavit itself and the affidavit does not become a public document until the warrant is returned.

tant clerk who issued it, but rather by the trooper who then presented it to the clerk.[4]

That same day, the trooper, accompanied by other officers, executed the warrant at the defendant's residence. The police found none of the items for which the search was conducted, but did find in "plain view," behind a "hidden panel" in a coat closet, the allegedly stolen property (jewelry and a pellet gun) that became the subject of the indictments in this case.

The trooper who had obtained the search warrant showed a single sheet of paper to the defendant at his residence. A copy of the affidavit descriptive of the items for which the search was authorized was not affixed to the search warrant, nor was it ever shown to the defendant. In fact, there was no evidence as to whether the trooper even had a copy of the descriptive document with him. In these circumstances, the Commonwealth had the burden of coming forward with proof that the descriptive documents were present to guide the search, and available to inform the defendant of the limits of the search. See *Commonwealth* v. *Taylor*, 383 Mass. 272, 281-282 & n.10 (1981). We thus treat this case as one involving authorization to search for stolen handguns, jewelry and coins, without any further description governing the scope of the search.

The description in the warrant of the items to be seized lacked sufficient particularity to meet the requirements of G. L. c. 276, § 2, art. 14 of the Massachusetts Declaration of Rights, and the Fourth Amendment to the United States Constitution, and thus the search warrant was an unlawful general warrant. See *Commonwealth* v. *Taylor, supra* at 275 ("antique jewelry"); *Namen* v. *State*, 665 P.2d 557, 563 (Alaska Ct. App. 1983) (jewelry stolen from a particular residence on a stated date); *Lockridge* v. *Superior Court*, 275 Cal. App. 2d 612, 625-626 (1969) ($150,000 in stolen merchandise); 2 W.R. LaFave, Search and Seizure § 4.6(c), at

---

[4]The typeface on the application and on the warrant appears to be the same except for the name of the assistant clerk, which appears in smaller type in a space left for a name. Moreover, the two documents consistently misspell the word "jewelry."

243-244 (2d ed. 1987). To describe general items like guns and jewelry as "stolen" adds nothing instructive to a description in a warrant. This case is not one in which the stolen items could not have been described in more detail. Not only were the guns and at least five pieces of jewelry capable of specific description, written descriptions had been presented to the magistrate, were thus available, and could properly have been incorporated into the search warrant, directly or by referenced annexation. To be sure, a reference to "antique jewelry" is particularly inadequate when the place to be searched is itself a jewelry store (*Commonwealth* v. *Taylor*, *supra* at 275), but the generic reference in this case to items generally and lawfully available in our society also fails to meet the minimum standard of particularity.

The more difficult issue in this case is whether the evidence, seized pursuant to the unlawful, general warrant, should have been suppressed.[5] The Commonwealth does not explicitly rely on *United States* v. *Leon*, 468 U.S. 897 (1984), to urge that, if the warrant was unlawful, the police acted in good faith with reasonable grounds for believing the search warrant was properly issued. Similarly, the Commonwealth does expressly not rely on *Massachusetts* v. *Sheppard*, 468 U.S. 981 (1984), to argue that the police acted in objectively reasonable reliance on a warrant issued by a detached and neutral magistrate. The Commonwealth did not advance these arguments below, and there was no evidence presented or findings directed to the officers' good faith and reasonable reliance.

Even if applicable here, these cases would only resolve questions raised under the Fourth Amendment. If the Fourth Amendment-related exclusionary rule does not require exclusion of the evidence seized in this case, it would mean that

_____

[5]The defendant's brief proceeds on the unwarranted assumption that, once it is established that a search was pursuant to an unlawful, general warrant, suppression follows automatically. The Commonwealth appropriately argues that, even if a warrant is defective, suppression does not have to follow and, in this case, should not. The defendant did not file a reply brief.

evidence seized pursuant to a general warrant to search a particular residence for items lawfully in general use would normally not be suppressed. We need not, however, reach the Fourth Amendment question.

We conclude that the evidence should have been suppressed in response to the principles underlying art. 14 of the Declaration of Rights and G. L. c. 276, § 2. The violation of law here was substantial and not technical. Contrast *Commonwealth* v. *Sheppard,* 394 Mass. 381, 390-391 (1985). The police proceeded under a general search warrant prepared by a State trooper. There was no detailed involvement of a judge in the crafting of the warrant nor any explicit assurance from a judge (or any other magistrate) that the search warrant was in proper form. The police did not have with them any description of the items for which they were searching. Indeed, in this case the police could have only been proceeding in complete disregard of the detailed descriptions of the stolen property because only an accompanying list would have made the firearms' identification numbers available and furnished the intricate details of the sketches of the stolen jewelry. There is no finding that the police believed that their search was limited in scope to the items set forth in the affidavit and that they acted accordingly. These facts distinguish this case from *Commonwealth* v. *Sheppard, supra,* on which the Commonwealth relies, where we concluded that certain violations of art. 14 and G. L. c. 276, § 2, were not substantial.

Evidence should be suppressed in order to deter future police misconduct when, pursuant to a general warrant, the police carry out a search without any document in hand adequately describing the items for which they purport to be searching. The absence from the defendant's premises of a document which would have furnished detailed information to guide the scope of the search and to inform the defendant of that scope is not merely a technical omission. That omission contravenes the fundamental purpose of the statutory and constitutional prohibitions against the use of a general warrant.

The defendant's motion to suppress evidence is allowed. The judgments are reversed and the jury verdicts are set aside.

*So ordered.*