## COMMONWEALTH *vs.* JOSE A. GUABA.

Suffolk. March 7, 1994. - May 11, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal,* Interlocutory appeal, Appeal by Commonwealth. *Rules of Appellate Procedure. Constitutional Law,* Search and seizure. *Search and Seizure,* Warrant.

The court concluded that the notice of appeal for an interlocutory appeal from an order in a criminal case (Mass. R. A. P. 4 [b]) must be filed within thirty days after the order is filed. [748-751]

The Commonwealth's notice of appeal from an order of a Superior Court judge allowing a criminal defendant's motion to suppress evidence, filed twenty-eight days after the prosecutor had received a copy of the judge's order but forty-seven days after the order had been filed with the clerk, was timely in the circumstances, and a single justice of this court properly allowed the Commonwealth's subsequently filed application for leave to appeal under Mass. R. Crim. P. 15 (b) (2). [751-752]

Failure of police officers to possess a copy of the warrant to search certain premises, which had validly issued but was not in hand when they commenced the search pursuant to the warrant, rendered the search warrantless, inasmuch as the police were without guidance as to which premises to search and what items to seize and the occupant of the premises was without notice as to the officers' authority to search. [752-755]

Evidence seized by police without a warrant in circumstances where a warrant was required was correctly suppressed on the defendant's motion. [755-756]

INDICTMENTS found and returned in the Superior Court Department on January 23, 1992.

A motion to suppress evidence was heard by *Suzanne DelVecchio,* J.

An application for leave to prosecute an interlocutory appeal was allowed by *Lynch,* J., in the Supreme Judicial Court for the county of Suffolk and the appeal was reported by him

to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the matter from the Appeals Court.

*Paul B. Linn,* Assistant District Attorney, for the Commonwealth.

*John C. McBride* (*J. Thomas Kerner* with him) for the defendant.

NOLAN, J. This is an interlocutory appeal from an allowance of the defendant's motion to suppress evidence. The motion judge, holding that the search of an apartment pursuant to a validly issued warrant constituted a warrantless search due to the failure of the police to possess the warrant in hand at the commencement of the search, ordered the suppression of the evidence seized during the search. Because we agree that, under art. 14 of the Declaration of Rights of the Massachusetts Constitution, law enforcement officials are required to possess a copy of the warrant in hand when executing a search warrant, we affirm.

On September 11, 1991, a confidential informant told Boston police detective Timothy Lynch that a thirty year old, Hispanic male, weighing approximately 150 pounds, and being about five feet, six inches tall, would be leaving 10 Ernst Street, apartment 3, in the Jamaica Plain section of Boston and would be driving a blue motor vehicle with a particular registration number en route to deliver a package of cocaine. Later that day, Boston police detective William Tracy observed the defendant, Jose Guaba, who matched this description, leave the above address and drive away in the above described motor vehicle. The officers subsequently seized a package of cocaine from the defendant and placed him under arrest. Detective Lynch then travelled to the West Roxbury District Court to obtain a search warrant for 10 Ernst Street, apartment 3. Anticipating that a search warrant would be issued, the other officers proceeded to that address to secure the premises.

At the apartment, the police found Sandra Rodriguez and two young children. The police informed her that the defendant had been arrested and that they were seeking a search

warrant for the apartment. They did not conduct a search at this time. The police waited until they received a call from Detective Lynch informing them that a search warrant had been issued. The police then searched the apartment and seized cocaine, cash, and paraphernalia used to distribute cocaine. Before the search was completed, Detective Lynch arrived with the warrant. Subsequently, the defendant was indicted on charges of trafficking in cocaine in violation of G. L. c. 94C, § 32E (1992 ed.), and conspiracy to violate a controlled substance law in violation of G. L. c. 94C, § 40 (1992 ed.).

Prior to trial, the defendant moved to suppress the evidence seized during the motor vehicle search and the search of the apartment. After a hearing, the motion judge denied the motion concerning the evidence seized during the motor vehicle stop but allowed the motion concerning the evidence seized during the apartment search. Citing *Commonwealth v. Rutkowski*, 406 Mass. 673 (1990), the motion judge held that, because the search warrant was not at the premises when the search began, the search constituted a warrantless search. She further held that the search did not meet any of the narrowly-drawn exceptions to the warrant requirement and, accordingly, ordered that the evidence seized from the apartment be suppressed.

1. *Commonwealth's leave to appeal.* The defendant argues that the single justice improperly allowed the Commonwealth's application for leave to appeal because the Commonwealth failed to file its notice of appeal in a timely manner. The procedural facts follow.

On September 3, 1992, the motion judge filed a written memorandum containing her findings of fact, rulings of law, and order concerning the two suppression motions. On October 20, 1992, the Commonwealth filed a notice of appeal from the order suppressing the evidence seized from the apartment. In its motion, the Commonwealth stated its intent to seek leave to appeal the suppression order from the single justice of this court and asserted that it did not receive a copy of the judge's written decision until September 22,

1992. On this same date, the defendant filed a motion to dismiss the appeal, arguing that the Commonwealth had not filed the notice within the thirty-day period mandated by Mass. R.A.P. 4 (b), as amended, 378 Mass. 928 (1979). On January 22, 1993, the Commonwealth applied pursuant to Mass. R. Crim. P. 15 (b) (2), 378 Mass. 884 (1979), to the single justice of this court for leave to appeal from the suppression order. The defendant failed to file a memorandum in opposition. On February 9, 1993, the single justice, without a hearing, issued an order allowing the Commonwealth's application and transferred the case to the Appeals Court. Over six months later, on August 13, 1993, the defendant filed a motion to reconsider the order allowing the application for interlocutory appeal. On September 2, 1993, the defendant's motion to reconsider was denied without a hearing. The defendant objected to this denial. Subsequently, we transferred this case from the Appeals Court on our own motion.

The defendant argues that the Commonwealth was required by Mass. R.A.P. 4 (b) to file a notice of appeal in the Superior Court within thirty days after the suppression order on September 3, 1992. Thus, the defendant argues, the Commonwealth's filing of the notice on October 20, 1992, was untimely and that, under our decision in *Commonwealth* v. *Bouvier*, 399 Mass. 1002 (1987), the single justice could not properly allow the Commonwealth's application for leave to appeal.

The Commonwealth argues that its notice of appeal was timely in that it filed the notice within thirty days after it received a copy of the judge's written decision on September 22, 1992. Supported by affidavit, the Commonwealth contends that the prosecutor was informed by a clerk in the Superior Court clerk's office that the delivery of the written decision constitutes official notification of the decision and that the thirty-day period for filing a notice of appeal begins when the parties were so notified. The Commonwealth asserts that Mass. R.A.P. 4 is unclear as to when the thirty-day time period begins to run as to interlocutory motions and, hence, that it was justified in relying on the clerk's advice. The

Commonwealth concedes that it knew before it received the written decision that the judge had granted the motion to suppress. In addition, the Commonwealth argues that, even if its notice of appeal is held to be untimely, the allowance of its application for leave to appeal should still be affirmed because its tardiness is excusable in light of its reasonable reliance on the clerk's advice, the importance of the issue raised in this appeal, and the absence of any prejudice to the defendant.[1]

We begin by stating that the single justice may have extended the Commonwealth's time to file its notice of appeal under Mass. R.A.P. 2, 365 Mass. 845 (1974), in light of the Commonwealth's late reception of the written decision and its reliance on the information given by the clerk. *Commonwealth* v. *Santana*, 403 Mass. 167, 169 (1988). An extension in these circumstances would not have been improper. However, because the single justice did not accompany his order with a written memorandum, we are uncertain as to the basis of his decision. Even assuming, however, that the single justice found that the Commonwealth's filing of its notice of appeal was timely, we affirm the single justice's allowance of the Commonwealth's application for leave to appeal.

The Commonwealth has a right to apply to this court for an interlocutory appeal "from a[n] . . . order of the superior court determining a motion to suppress prior to trial." G. L. c. 278, § 28E (1992 ed.). See *Commonwealth* v. *Bouvier*, *supra*. This section further provides that the "[r]ules of practice and procedure with respect to appeals authorized by this section shall be the same as those applicable to criminal appeals under the Massachusetts Rules of Appellate Procedure." Rule 15 (b) (2) of the Rules of Criminal Procedure

---

[1] The Commonwealth also argues that the defendant waived his argument concerning the propriety of the single justice's granting leave to appeal in that he failed to file a memorandum in opposition to the Commonwealth's application and waited over six months before filing a motion to reconsider. We have reviewed the record and conclude that, in these circumstances, the defendant sufficiently raised this issue below to raise it here.

also expressly provides for this right. The Commonwealth must file its application for leave to appeal "within such reasonable time after the ruling of the judge as the judge may allow and in any event before the defendant has been placed in jeopardy." Mass. R. Crim. P. 15 (b) (3), 378 Mass. 883 (1979). Also, the Commonwealth must file a notice of appeal with the Superior Court as required by Mass. R.A.P. 3 (a), 378 Mass. 927 (1979). *Commonwealth* v. *Santana, supra* at 169. Rule 4 (b) provides that the notice of appeal required by rule 3 must be "filed . . . within thirty days after *the verdict or finding of guilt* or within thirty days after *imposition of sentence*" (emphasis added).

Although it is clear that the Commonwealth, when applying for leave to appeal a suppression order, must file a notice of appeal as required by rules 3 and 4, it is unclear as to when the thirty-day period begins to run. Rule 4 (b) expressly refers only to a verdict, finding of guilt, or imposition of the sentence and does not expressly refer to interlocutory appeals. In the interests of consistency and certainty, we hold that the notice of appeal for an interlocutory appeal from an order, under Mass. R.A.P. 4 (b), must be filed within thirty days after the order is filed. However, because we acknowledge that the rule was unclear as to interlocutory appeals and because we accept the Commonwealth's assertions that it did not receive the written decision until nineteen days after the allowance of the defendant's motion to suppress and that it relied upon the advice of the clerk, we hold that the Commonwealth's notice of appeal was timely filed.[2] In the future, any delay in receiving the judge's written decision

---

[2]We do not read *Commonwealth* v. *Bouvier*, 399 Mass. 1002 (1987), as mandating a different result. In that case, the Commonwealth failed to file a notice of appeal when seeking leave to appeal, but instead filed a motion to stay the proceedings pending appeal. We declined to equate the motion to stay the proceedings with a notice of appeal, citing concerns of disturbing "a well-integrated procedure for the appeal of lower court decisions." In particular, we noted the rule that required the clerk to compile the record upon the filing of the notice of appeal. In this case, because the Commonwealth filed a notice of appeal, this concern will not be frustrated here if we allow the appeal.

will not be relevant in determining if the appellant has filed within the thirty-day period. Of course, a delay may be relevant in the determination of whether to extend the time to file the notice of appeal under either Mass. R.A.P. 4 (c) or Mass. R.A.P. 14 (b).[3] Additionally, Mass. R.A.P. 2 offers another potential avenue of relief.[4] A party should have "a reasonable period of time to study the judge's decision to see if an appeal might have merit . . . ." *Commonwealth* v. *Lewin (No. 3)*, 408 Mass. 147, 150 (1990). It was not error for the single justice to allow the Commonwealth's application for leave to appeal.

2. *Absence of warrant at search.* The Commonwealth asserts that the motion judge erred in ruling that the search of the apartment constituted a warrantless search. Pointing out that the statutes which set out the requirements for warrants fail to contain any express language requiring the police to possess a warrant at the beginning of a search, the Commonwealth argues that, under traditional principles of statutory construction, no such requirement should be inferred. In the alternative, the Commonwealth argues that the police's failure to possess the warrant at the beginning of the search merely constitutes a technical error in the warrant's execution, requiring suppression only upon a showing of prejudice to the defendant. It further argues that, because the warrant in this case authorized the police to seize drugs and because

---

[3]Massachusetts Rule of Appellate Procedure 4 (c), as amended, 378 Mass. 928 (1979), provides in pertinent part: "Upon a showing of excusable neglect, the lower court may extend the time for filing the notice of appeal by any party for a period not to exceed thirty days . . . ." Rule 14 (b), 365 Mass. 859 (1974), provides in pertinent part: "The appellate court or a single justice for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time . . . ."

[4]Massachusetts Rule of Appellate Procedure 2, 365 Mass. 845 (1974), provides in full: "In the interest of expediting decision, or for other good cause shown, the appellate court or a single justice may . . . suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Such a suspension may be made on reasonable terms."

drugs are readily identifiable as contraband, the police conducted the search within the scope of the warrant, resulting in no prejudice to the defendant.

The motion judge determined, and there is no contention otherwise, that the search was commenced after the issuance of the warrant and that the warrant was validly issued. Our inquiry is limited to whether police failure to possess the warrant in hand at the beginning of the search renders the search illegal and, if it does, whether suppression is required.

The Commonwealth correctly notes that neither art. 14 of the Declaration of Rights nor G. L. c. 276, §§ 1 et seq., contains any express language requiring law enforcement officials to possess a copy of a search warrant in hand when they commence a search pursuant to a warrant. The Commonwealth further notes that the jurisdictions which require the presence of the warrant at a search do so expressly by statute or court rule and generally characterize the requirement as directory or ministerial.[5] However, although we have never addressed this precise issue, we have expressed the proposition that the presence at the search of documents describing the items to be seized is crucial in order for a warrant to meet the particularity requirements of art. 14 and G. L. c. 276, § 2. Furthermore, we have held that art. 14 "may, in some circumstances, provide more substantive protection to criminal defendants than does the Fourth Amendment" to the United States Constitution. *Commonwealth* v. *Amendola*, 406 Mass. 592, 599 n. 3 (1990); *Commonwealth* v.

---

[5]For example, the United States Courts of Appeal have uniformly held that violations of Fed. R. Crim. P. 41(d), which requires the presentation of a copy of the warrant at the time of search, are ministerial in nature and a motion to suppress should only be granted when the defendant shows legal prejudice or that the noncompliance was in bad faith. See *United States* v. *Marx*, 635 F.2d 436, 441 (5th Cir. 1981); *United States* v. *McKenzie*, 446 F.2d 949, 954 (6th Cir. 1971); *United States* v. *Woodring*, 444 F.2d 749, 751 (9th Cir. 1971). To show prejudice, the defendant must show that "the search might not have occurred or would not have been so abrasive if the Rule had been followed." *United States* v. *Burke*, 517 F.2d 377, 386-387 (2d Cir. 1975). See 2 W.R. LaFave, Search and Seizure § 4.12(a), at 358-359 (2d ed. & Supp. 1994), and cases cited.

*Upton*, 394 Mass. 363, 373 (1985). Because we conclude that in order to ensure that the general requirement of a warrant of art. 14 achieves its purposes, we hold art. 14 implicitly requires law enforcement officials to possess a copy of the warrant . when executing it, unless there are exigent circumstances which would permit a warrantless search. *Commonwealth* v. *Paniaqua*, 413 Mass. 796, 797-798 (1992). We should make clear that nothing in this opinion should be read to indicate that, in exigent circumstances, law enforcement officials may not search a dwelling without possessing a warrant even if no warrant has issued.[6]

In *Commonwealth* v. *Rutkowski*, 406 Mass. 673 (1990), we stated that "[e]vidence should be suppressed in order to deter future police misconduct when . . . the police carry out a search without any document *in hand* adequately describing the items for which they purport to be searching" and that "[t]he absence from the defendant's premises of a document which would have furnished detailed information to guide the scope of the search and to inform the defendant of that scope is not merely a technical violation." (Emphasis added.) *Id.* at 677. In *Rutkowski*, the warrant described the items to be seized as stolen goods "more specifically detailed in the supporting affidavit" and the police conducted the search accompanied by only the warrant and not by the affidavit. *Id.* at 674. Because the descriptive affidavit was not present at the search and available to inform the defendant of the limits of the search, we disregarded the affidavit and treated the search as one conducted pursuant to an unlawful general warrant. *Id.* We then suppressed the evidence seized, concluding that the violation was a substantial violation of

---

[6]This case is distinguishable from *Commonwealth* v. *Blake*, 413 Mass. 823, 824 n.2 (1992), in that the defendant in that case did not argue that he was entitled to any relief on appeal on the ground that the warrant was apparently not in the possession of the officers at the scene when the search began.

In *Commonwealth* v. *Yesilciman*, 406 Mass. 736, 743 (1990), the issue whether the warrant had to be present at the search was not raised. We add that the police may still secure "an area to be searched before a warrant is procured" and until the police arrive at the area with the warrant.

the "principles underlying art. 14 of the Declaration of Rights and G. L. c. 276, § 2." *Id* at 677.

Just as the absence of the affidavit describing the items to be seized rendered the search in *Rutkowski* an unlawful search pursuant to a general warrant, the absence of the warrant should render the search in this case a warrantless search. The presence of the warrant at the search serves several purposes. The warrant guides law enforcement officials as to the permissible scope of the search, particularly describing both the area to be searched and the items to be seized. Furthermore, the presence of the warrant serves to put the occupant whose premises are to be searched on notice of the police's authority to search and the reasons for the search. Not only were the officers without guidance as to the scope of the authorized search, as in *Rutkowski*, but also the occupant of the apartment was without notice as to the officers' authority to search. Although many jurisdictions regard the failure of the police to possess the warrant at the commencement of the search as a technical error, mandating suppression only when the warrant's absence prejudices the defendant, we view the omission as invalidating the reasonableness of the search. Even assuming that the officers were without the need of the warrant to guide them as to the items to be seized because the warrant in this case authorized the seizure of drugs, the warrant also guides the law enforcement officials as to which premises they are authorized to search. Furthermore, where a warrant is required, a search by law enforcement officials, even if conducted within the scope of the warrant, without the document exhibiting their authority to search is unreasonable per se. The failure of the police to possess a copy of the warrant when they commenced searching the apartment rendered the search warrantless.

As noted above, the judge determined that the search did not fall within any of the narrowly-drawn exceptions to the warrant requirement. *Commonwealth* v. *Forde*, 367 Mass. 798, 800 (1975). Accordingly, she ordered the suppression of the evidence seized during the search of the apartment. The

Commonwealth does not assert that the judge erred in determining that the search failed to meet any of the exceptions. Therefore, the order suppressing the evidence seized during the apartment search is affirmed. The case is remanded to the Superior Court for proceedings consistent with this opinion.

*So ordered.*