COMMONWEALTH *vs.* JOHNNY E. BLAKE.

No. 98-P-1482.

Hampden. October 12, 1999. - April 18, 2000.

Present: PORADA, DREBEN, & BECK, JJ.

*Practice, Criminal,* Retroactivity of judicial holding. *Search and Seizure,* Warrant.

The rule of *Commonwealth* v. *Guaba,* 417 Mass. 746 (1994), that police must have with them the warrant authorizing a search at the time they conduct that search, was not a new rule, but followed on *Commonwealth* v. *Rutkowski,* 406 Mass. 673, 677 (1990); as a consequence, a criminal defendant's motion for a new trial seeking a retroactive application of *Guaba* was correctly denied. [135]

INDICTMENTS found and returned in the Superior Court Department on November 17, 1989.

Following review by the Supreme Judicial Court, 413 Mass. 823 (1992), a motion for a new trial, filed on March 2, 1998, was heard by *Daniel A. Ford,* J.

The case was submitted on briefs.

*Johnny E. Blake,* pro se.

*Thomas H. Townsend,* Assistant District Attorney, for the Commonwealth.

BECK, J. The defendant, a pro se prisoner, appeals from the denial of his 1998 motion for a new trial. The defendant was convicted in 1990 of trafficking in cocaine on the basis of an undercover buy and evidence obtained in a search of his "residence." He claims the Superior Court judge should have granted his motion because *Commonwealth* v. *Guaba,* 417 Mass. 746 (1994), announced a new rule of law which should apply to him retroactively. *Guaba* held that police must have a warrant with them at the time of a search, absent exigent circumstances. *Id.* at 755. In support of his motion, the defendant claimed that the officers who searched his residence did not have the search

warrant in hand. See *Commonwealth* v. *Blake*, 413 Mass. 823, 824 n.2 (1992).

The Commonwealth argues that the defendant is not entitled to the retroactive benefit of *Guaba*, because *Guaba* did not announce a new rule but rather built on *Commonwealth* v. *Rutkowski*, 406 Mass. 673, 677 (1990), which it quoted and discussed at length. *Guaba*, 417 Mass. at 754-755. However, even if we were to accept the defendant's argument that *Guaba* announced a new rule, he would still not be entitled to a new trial.

First, this issue was not raised at trial or on direct appeal. See *Commonwealth* v. *Blake*, 413 Mass. at 824 n.2; *Commonwealth* v. *Guaba*, 417 Mass. at 754 n.6. "Retroactive application of a rule of criminal law is indicated if (1) a case is on direct appeal or as to which time for direct appeal has not expired when the new rule is announced, and (2) the issue was preserved at trial" (citations omitted). *Commonwealth* v. *Figueroa*, 413 Mass. 193, 202 (1992).

Second, it does not fall within the exceptions for application of a new rule to a case on collateral review. In *Commonwealth* v. *Bray*, 407 Mass. 296, 300-303 (1990), decided the same year as the defendant's conviction and two years before his direct appeal, the Supreme Judicial Court followed the Federal rule on retroactive application of a new criminal rule to a case on collateral review. "[W]here a conviction is final [as was the case here], and the defendant is proceeding with a collateral challenge [as is also the case here], new criminal rules 'should not be applied retroactively . . . unless they fall within either of two very limited exceptions.' " *Commonwealth* v. *Sullivan*, 425 Mass. 449, 454 (1997), cert. denied, 522 U.S. 1060 (1998), quoting from *Commonwealth* v. *Bray*, 407 Mass. at 300.

"The first exception [is] that a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law . . . to proscribe. . . . The second exception [is] that a new rule should be applied retroactively if it requires the observance of 'those procedures that . . . are implicit in the concept of ordered liberty,' " *Commonwealth* v. *Bray*, 407 Mass. at 300, quoting from *Teague* v. *Lane*, 489 U.S. 288, 311 (1989), "limited, however, 'to those new procedures [of fundamental fairness] without which the likelihood of an accurate conviction is seriously diminished' " (citations omitted). *Commonwealth* v. *Sullivan*, 425 Mass. at 454 n.9.

The rule of *Guaba,* that police must have a copy of a search warrant in hand at the time they conduct a search, *Commonwealth* v. *Guaba,* 417 Mass. at 753, does not deal with "primary, private individual conduct." *Commonwealth* v. *Bray,* 407 Mass. at 300. Nor does requiring a warrant at the site of the search, in the circumstances of this case, constitute a "procedure[] . . . implicit in the concept of ordered liberty . . . without which the likelihood of an accurate conviction is seriously diminished." *Ibid.*

In *Teague* v. *Lane,* 489 U.S. at 315, the Supreme Court extended the rule that jury venires be comprised of a fair cross section of the community to petit juries. However, it concluded that such a new rule "would not be a 'bedrock procedural element' that would be retroactively applied under the second exception." *Ibid.* Surely if the composition of the jury, a fundamental right, see *Commonwealth* v. *Villanueva,* 47 Mass. App. Ct. 905, 906 (1999), does not satisfy the second exception, neither does the requirement of having a duly issued warrant in hand.

*Denial of motion for new trial affirmed.*