**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Joseph A. STARKWEATHER,**
**Defendant–Appellant.**

No. 05CA0110.

Colorado Court of Appeals,
Div. V.

July 13, 2006.

Rehearing Denied Sept. 14, 2006.

John W. Suthers, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Joseph A. Starkweather, Pro Se.

DAILEY, J.

Defendant, Joseph A. Starkweather, appeals the trial court's order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

In November 1999, pursuant to a plea agreement, defendant pleaded guilty to manufacture of a controlled substance, § 18–18–405(2)(a)(I), C.R.S.2005, and special offender (weapon available for use), § 18–18–407(1)(f), C.R.S.2005. He was sentenced in March 2000 to a term of twenty-four years incarceration in the Department of Corrections.

In March 2003, defendant filed a Crim. P. 35(c) motion alleging that his guilty plea was not valid because (1) it was coerced by defense counsel and police misconduct; (2) the trial court failed to advise him of applicable parole and postrelease supervision requirements; and (3) the terms of his plea agreement had been violated. He also alleged that his special offender sentencing enhancement was invalid because it was applied to him in an unconstitutional manner, namely, without proof that he knew about the gun found in a compartment welded underneath the hood of the car he was driving.

The trial court referred defendant's Crim. P. 35 motion and accompanying request for counsel to the public defender. After conducting an investigation into defendant's allegations, a deputy public defender concluded that defendant's claims were without merit and, after notifying the court of his conclusion, was allowed to withdraw from the case.

The trial court scheduled a hearing to take testimony and argument on defendant's Crim. P. 35(c) motion. Prior to that hearing, the court denied defendant's motion for the appointment of conflict-free alternate defense counsel, finding: "[Defendant] has been provided with court-appointed counsel, [who] investigated his claims and concluded they were without merit. The Court is certainly not bound by those findings and will approach the hearing with an open mind, but [defendant] is not entitled to continue to raid the public purse."

At the hearing, both defendant and his plea counsel testified, after which the trial court denied defendant's motion.

On appeal, defendant raises several contentions. We reject each contention in turn.

### I. Deprivation of Counsel

■ Initially, defendant contends that the trial court erred in not appointing new counsel to represent him at the evidentiary hearing on his Crim. P. 35(c) motion. We are not persuaded.

■ A defendant does not have a federal or state constitutional right to counsel in Crim. P. 35 postconviction proceedings. *People v. Alexander*, 129 P.3d 1051, 1056 (Colo. App.2005).

■ However, a defendant has a "limited statutory right to counsel" in such proceedings. *People v. Duran*, 757 P.2d 1096, 1097 (Colo.App.1988). "This statutory right to counsel is tenuously premised on an interpretation of the statutes creating and governing the office of the state public defender and requiring that office to prosecute post-conviction remedies which have arguable merit." *People v. Hickey*, 914 P.2d 377, 378 (Colo. App.1995); *see* § 21–1–104(1)(b), C.R.S.2005 (public defender to pursue, on behalf of indigent person, "any appeals or other remedies before or after conviction that [it] considers to be in the interest of justice"); § 21–1–104(2), C.R.S.2005 (public defender not "required to prosecute any appeal or other remedy unless [it] is satisfied first that there is arguable merit to the proceeding").

In *People v. Breaman*, 939 P.2d 1348, 1351 n. 2 (Colo.1997), the supreme court noted that "an attorney appointed to assist a defendant with Crim. P. 35(c) proceedings, who determines that the defendant's claims are without merit, may inform the court that he or she believes the defendant's claims are without merit and request permission to withdraw."

This occurred here. Nonetheless, defendant asserts that, following the public defender's determination that his postconviction motion lacked any merit, he was entitled to the appointment of new counsel. Nothing in the language of the statutes upon which the "limited statutory right to counsel" is based suggests that defendant was so entitled. Having received what right the statute gave him, he is in no position to claim that he was entitled to more.

Defendant's reliance on *Halbert v. Michigan*, 545 U.S. 605, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005), is misplaced. In holding that a plea-convicted, indigent defendant seeking review in the state's intermediate court of appeals was entitled to the assistance of appointed counsel, the Supreme Court in *Halbert* recognized that its right-to-counsel cases reflect the "equal protection concern relat[ing] to the legitimacy of fencing off would-be appellants based solely on their inability to pay core costs," while the "due process concern homes in on the essential fairness of the state-ordered proceeding." *Halbert v. Michigan, supra*, 545 U.S. at 611, 125 S.Ct. at 2587 (quoting *M.L.B. v. S.L.J.*, 519 U.S. 102, 120, 117 S.Ct. 555, 566, 136 L.Ed.2d 473 (1996)). Here, defendant was not denied access to a judicial remedy.

Moreover, even if the *Halbert* analysis can be said to apply to a collateral attack on a guilty plea such as that before us, we discern no equal protection or due process violation in requiring defendant to proceed without counsel, once his appointed counsel determined that the claims lacked merit and was allowed to withdraw on that basis. In *Halbert*, the Court noted, "And when a defendant's case presents no genuinely arguable issue, appointed counsel may so inform the court." *Halbert v. Michigan, supra*, 545 U.S. at 607, 125 S.Ct. at 2594.

Further, even assuming the trial court had discretion to appoint additional counsel, *see generally People v. Breaman, supra,* 939 P.2d at 1351; *People v. Silva,* 131 P.3d 1082, 1090 (Colo.App.2005)(*cert. granted* Apr. 17, 2006, 2006 WL 1643229), we perceive no abuse of the court's discretion in failing to appoint counsel here.

Defendant's contentions were not factually or legally complex. *See Hoggard v. Purkett,* 29 F.3d 469, 472 (8th Cir.1994). He was given an adequate opportunity to make his case to the court during the evidentiary hearing. And the court, independent of its decision allowing counsel to withdraw, considered defendant's arguments and evidence before ruling on the merits of his claims.

We perceive no error in the manner in which the court proceeded.

## II. Omitted Rulings

Defendant contends that the trial court erred in not resolving all his claims for post-conviction relief. We disagree.

While defendant asserts that the trial court only addressed one claim, our review of the record discloses that the trial court entered findings of fact and conclusions of law on each of his claims. Defendant's assertion otherwise is without merit.

## III. Coerced Plea

Defendant contends that the trial court erred in determining that his guilty plea was not coerced by plea counsel. We are not persuaded.

A guilty plea that is induced by coercion is not voluntary. *See People v. Antonio–Antimo,* 29 P.3d 298, 301 (Colo.2000). Standing alone, competent advice by counsel, albeit stated in strong language, does not constitute coercion. It is defense counsel's duty to discuss the case—including its probable outcome—in complete candor with a defendant. *People v. Adams,* 836 P.2d 1045, 1048 (Colo.App.1991).

In a Crim. P. 35(c) proceeding, a presumption of validity attaches to a judgment of conviction, and the burden is upon the defendant, as the moving party, to estab-lish his or her claim by a preponderance of the evidence. *People v. Naranjo,* 840 P.2d 319, 325 (Colo.1992). Further, the weight and credibility to be given to the testimony of witnesses are within the province of the trial court; therefore, if the record reveals sufficient evidence to support the court's findings, its ruling will not be disturbed on review. *People v. Robbins,* 87 P.3d 120, 123 (Colo. App.2003), *aff'd,* 107 P.3d 384 (Colo.2005).

Here, defendant asserts on appeal that his counsel coerced him to enter a guilty plea by (1) telling him that unless he asked for a continuance he would have to represent himself; (2) not contacting him, which led to his arriving at the trial court to start trial and learning at that time that the trial had been continued; (3) not preparing for trial; and (4) reminding him that the judge did not like him and that he would get the maximum sentence if he did not enter a plea.

However, at the hearing, the only evidence of coercion that defendant produced was that he took the plea under "stress" because his attorney told him, "Joe, I've got no defense in your behalf. If you don't take the deal[,] the Judge doesn't like you, and he's going to give you 90 something years."

Defendant's plea counsel also testified at the hearing. According to plea counsel, he might have said that the judge was "unhappy" with defendant from prior proceedings, but he did not say that the judge did not like defendant. He recalled that he discussed with defendant the possibility he could face a ninety-six-year sentence, and that defendant wanted to "do as little time as possible" in prison so he could get out before he was too old and spend some time with his then nine- or ten-year-old daughter. Plea counsel related that he would not have told defendant to plead guilty to "something if there were no facts to support it" and denied coercing defendant. Plea counsel testified only that he told defendant what his options were.

Following the hearing, the trial court found that, despite some vacillation and misgivings about entering a plea, defendant had nonetheless done so, and nothing had been presented "that would lead [the court] to conclude that the defendant was coerced into

entering into the agreement" or that the plea was "anything other than knowingly, voluntarily, and intelligently entered."

We conclude that the record is sufficient to support these findings. *See People v. Adams, supra,* 836 P.2d at 1049 (defendant was not coerced into entering a plea of guilty by his attorney, despite the attorney's harsh language relating to the defendant the possible consequences if he did not plead guilty, when the evidence revealed that he knowingly and voluntarily signed the plea agreement).

## IV. Sentence Enhancement

Finally, we reject defendant's contention that his sentence must be vacated because the special offender sentence enhancement provision is inapplicable.

To the extent that defendant's contention rests upon an assertion that there was insufficient evidence to support the application of the provision, this contention has been waived as a result of his guilty plea. *See People v. Schneider,* 25 P.3d 755, 759–60 (Colo.2001)(guilty plea waives all nonjurisdictional defenses, including sufficiency of evidence claims).

To the extent that defendant's contention rests upon an assertion that his rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 303, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), were violated, it must also be rejected.

*Apprendi* and *Blakely* are not applicable to convictions that became final before *Apprendi* was announced on June 26, 2000. *People v. Boespflug,* 107 P.3d 1118, 1121 (Colo.App.2004). Where, as here, a defendant does not directly appeal his conviction and sentence, the conviction and sentence become "final," for retroactivity purposes, when the time for filing a direct appeal expires. *See Commonwealth v. Blake,* 49 Mass.App.Ct. 134, 727 N.E.2d 85, 86 (2000);

*O'Meara v. State,* 679 N.W.2d 334, 339 (Minn.2004); *State v. Harris,* 863 S.W.2d 699, 700–01 (Mo.Ct.App.1993); *cf. Edwards v. People,* 129 P.3d 977, 983 (Colo.2006)(discussing finality of conviction, when direct appeal is taken).

Here, defendant was sentenced on March 30, 2000, and the applicable forty-five-day period for filing an appeal expired on May 14, 2000. *See* C.A.R. 4(b)(1). Because this date fell before the date on which *Apprendi* was announced, his conviction and sentence were "final" before *Apprendi,* and defendant cannot obtain relief on the basis of an alleged *Apprendi–Blakely* violation. *See People v. Boespflug, supra,* 107 P.3d at 1121.

The order is affirmed.

WEBB and NEY *, JJ., concur.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24-51-1105, C.R.S.2005.