The Commonwealth appeals from an order entered in the District Court suppressing evidence seized by the police during a search of an apartment linked to the defendant. At the evidentiary hearing on the defendant's motion to suppress, there was testimony that the search was conducted pursuant to a warrant issued, in part, based on a description of observations by police officers during a prior warrantless entry and protective sweep of the apartment in an unrelated investigation. The motion judge issued a memorandum of decision and order in which he ruled that the seized evidence must be suppressed because the Commonwealth had not established consent that would have excused the officers' failure to obtain a search warrant prior to their initial entry into the defendant's apartment. Further, the judge ruled that even if there was consent to enter the apartment, that consent did not give the police authority to enter a locked bedroom. A single justice of the Supreme Judicial Court granted the Commonwealth leave to file an interlocutory appeal and transmitted the matter to the Appeals Court. See Mass. R. Crim. P. 15 (a) (2), as amended, 476 Mass. 1501 (2017). For reasons that follow, we now vacate the order allowing the motion to suppress and remand for further proceedings.
Background. On April 8, 2015, members of the New Bedford police department's detective division went to 168 Tinkham Street, Apartment 3S, in New Bedford to execute an arrest warrant for Amelia Early. Early did not reside in this apartment and the police did not have a search warrant for the apartment. Ines Lugo, a renter of the apartment, told the police that Early did not live at that apartment. While at the apartment the police arrested Lugo's son Antonio on an outstanding arrest warrant. During a patfrisk the police found drugs in Antonio's pocket. The police entered the apartment and conducted a search for Early.[2] On the same day, the narcotics division of the New Bedford police department was conducting a separate drug investigation of the defendant involving the same address. When the narcotics officers became aware of the detective division's activities at the Tinkham Street apartment, they obtained a search warrant for that address. Police secured the apartment while the search warrant was obtained. During this time a locked bedroom door was forcibly opened.[3] There was testimony that the police conducted the search of the apartment after the search warrant arrived. Cocaine, money, scales, a starter pistol, letters addressed to the defendant, and a box of sandwich bags were among the items seized by the police.
After the evidentiary hearing on the defendant's motion to suppress, the judge allowed the motion. In his memorandum of decision, the judge found that the Commonwealth did not prove that the entry into the apartment was consented to and that even if the initial entry was consented to, the Commonwealth did not thereby have authority to enter the locked bedroom.
Discussion. The judge's analysis should not have ended here. The Commonwealth contends that the evidence was seized during the execution of a search warrant. It is the Commonwealth's position that the affidavit in support of the application for the search warrant established probable cause independently of any evidence relating to the illegal entry. See Commonwealth v. Tyree, 455 Mass. 676, 692 (2010) (evidence obtained pursuant to search warrant issued after earlier illegal entry and search is admissible as long as affidavit in support of application for search warrant contains information sufficient to establish probable cause to search premises apart from observations made during initial illegal entry and search). The defendant on the other hand claims the search of the bedroom was an illegal warrantless search because the police conducted a search of the bedroom prior to the arrival of the warrant.[4] See Commonwealth v. Guaba, 417 Mass. 746, 754 (1994) (even if a search warrant is sought, "art. 14 implicitly requires law enforcement officials to possess a copy of the warrant when executing it, unless there are exigent circumstances which would permit a warrantless search").
We cannot discern from the judge's findings the reason for the suppression. At one point the judge appears to find that the police took "the correct action: having entered the apartment with consent ... Detective Pacheco did not search the apartment further for drugs. Instead, he and the detectives present secured the apartment until the search warrant arrived a short time later." But later the judge rules that "[t]he Commonwealth has not met its burden to prove that when the detectives first entered the apartment without a warrant, it was with the voluntary consent of Ms. Lugo." Additionally, the record is deficient in its lack of findings needed to determine whether the illegal entry resulted in a warrantless search, or whether the search was conducted pursuant to a search warrant and, if so, whether the affidavit in support of the search warrant contained information sufficient to establish probable cause to search apart from observations made during the initial illegal entry.
Conclusion. For the reasons articulated, the order allowing the defendant's motion to suppress is vacated. The case is remanded to the District Court for further proceedings consistent with this memorandum and order.
So ordered.
vacated and remanded

Police officers testified they entered after obtaining consent from Lugo, but Lugo testified that she did not provide consent.

At the motion hearing, police officers testified that Lugo kicked the door open while the police were waiting for the search warrant. Lugo testified that the police kicked open the door.

The defendant argues, "Implicit in the judge's findings was that the search of the bedroom took place prior to the arrival of the warrant."