

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1262-09

---

### SHELDON KEITH CRAIN, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### POTTER COUNTY

---

**COCHRAN, J., filed a concurring opinion in which HOLCOMB, J., joined.**

### OPINION

Officer Griffin testified that the exact words he used in calling to appellant were,

"Come over here and talk to me."  That is a command.  It is an imperative sentence.[1]  Even

---

[1] English sentences are categorized as (1) declarative ("I am a police officer.") which are statements of fact; (2) interrogatory ("Will you talk to me?") which are questions or requests; (3) exclamatory ("What a big gun you have!") which express strong feelings; and (4) imperative ("Come here.") which command the listener to do something.  *See* http://www.ucl.ac.uk/internet-grammar/clauses/imp.htm. (last visited June 10, 2010) ("Imperative sentences are used in issuing orders or directives.").  In grammar, the use of the imperative "expresses a command, strong request, or exhortation."  WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY UNABRIDGED 912 (2d ed. 1983).

a five-year-old child knows the difference between a command ("Eat your spinach.") and a request ("Would you like to eat your spinach?"). The mother may smile as she issues her command, she may cajole and use a sugary tone of voice, but the recalcitrant child who declines the parental order knows that there may be consequences for disobedience.

In this case, Officer Griffin testified that he intended to "ask" appellant to come over and talk to him, but what the officer intended is not relevant. What he said is what matters. Courts must view the words from the perspective of their effect upon the reasonable listener, not from the perspective of the officer's intent.[2] Under the Fourth Amendment, there is a world of difference between an officer's request and his order. A request signifies a consensual encounter beyond the purview of the Fourth Amendment; a command, if heeded, usually denotes a Fourth Amendment detention.[3] A request is a question that asks for an

---

[2] *United States v. Mendenhall*, 446 U.S. 544, 554 (1980) ("a person has been seized within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave."); *see generally* 4 WAYNE R. LAFAVE, SEARCH & SEIZURE § 9.4(a), at 413-14 (4th ed. 2004) ("In exploring the meaning of the *Mendenhall-Royer* standard, certainly the first matter deserving attention is the emphatic statement that the uncommunicated intention of the officer is not determinative.").

[3] *See U.S. v. Thompson,* 106 F.3d 794, 798 (7th Cir. 1997) ("The law is well established that if the officer asks rather than commands, the person accosted is not seized") (internal quotations omitted); *U.S. v. Steele,* 782 F.Supp. 1301, 1309 (S.D. Ind.1992), *aff'd,* 989 F.2d 502 (7th Cir.1993) ("A police officer's verbal command–if heeded–is often sufficient to seize a person."). *Compare Commonwealth v. Lopez*, 887 N.E.2d 1065, 1066-67 (Mass. 2008) (patrol car officers followed defendant, who was riding his bicycle; one officer asked "Can I speak with you," another officer got out of her cruiser and approached defendant, who agreed to stop and talk; officers' actions did not amount to a Fourth Amendment seizure; officer did not issue a command, he asked a question), *with Strange v. Commonwealth*, 269 S.W.3d 847, 851 (Ky. 2008) (when defendant "was directed to move over to the police cruiser," his "passive compliance" could not "convert that order into a request."), *and People v. Martinez*, 200 P.3d

answer; an order is a command which requires obedience.[4] Officer Griffin gave a command; his order required obedience.

With these comments, I join the majority opinion.

Filed: June 30, 2010

Publish

---

1053, 1058-59 (Colo. 2009) (officer had homeowner's consent to enter, but when he "directed [defendant] to come out of the bathroom and then directed him into a separate room," this was a detention). In *Strange*, the Kentucky Supreme Court explained,

> A reasonable person, in a high crime neighborhood late in the evening, would not and should not reasonably feel free to resist a police officer's order to move. Citizens are encouraged to comply with reasonable police directives, and the police should be permitted to expect reasonable compliance with reasonable demands. Appellant was directed to move over to the police cruiser, and he apparently did so promptly and peacefully. His passive compliance with the policeman's order cannot convert that order into a request which Appellant, or any citizen, should feel free to resist.

*Id.* at 851.

[4] As explained by the Massachusetts Supreme Court in *Lopez*,

> We must consider, then, whether this question was an order. The defendant argues that an order may take the form of a question. A question, however, is typically not an order. A question is an inquiry; an order is a command. A question requests an answer, while an order demands obedience. To recognize that questions and orders are different creatures is not, of course, to ignore the fact that circumstances of an encounter with police may be sufficiently intimidating that a reasonable person would feel compelled to respond to a police officer's question as he believes the officer would wish him to.

887 N.E.2d at 1067.