COMMONWEALTH *vs.* NOEL BOUVIER. March 2, 1987. *Practice, Criminal,* Interlocutory appeal, Appeal by Commonwealth.

The defendant was indicted on August 22, 1984, for failure to "keep, make or furnish" any record or report under G. L. c. 94C, § 15 (1984 ed.), and on three counts of knowingly or intentionally distributing or dispensing

Class B controlled substances in violation of G. L. c. 94C, § 32A (1984 ed.). The defendant filed a motion to suppress all evidence seized pursuant to an administrative inspection warrant which had been executed on May 10, 1984, on Bouvier's Pharmacy, which he managed. The motion was allowed, and the Commonwealth filed an application for leave to appeal in this court under G. L. c. 278, § 28E (1984 ed.), and Mass. R. Crim. P. 15 (b) (2), 378 Mass. 882 (1979). A single justice allowed the application for leave to appeal and reported the case to the full court conditioned on this court's conclusion that the Commonwealth's appeal was timely. We conclude that the appeal was not timely and, thus, decline to address the merits of the Commonwealth's arguments.

The defendant's motion to suppress was filed on August 2, 1985, and a hearing was held on October 8, at which time the only issue involved was the validity of the administrative inspection. The judge made an oral ruling allowing the defendant's motion and subsequently filed a written order and findings on November 18. On December 18, the Commonwealth filed a motion to stay the proceedings pending appeal, and on December 31 filed in the county court its application for leave to appeal. The motion judge denied the motion to stay the proceedings on January 3, 1986, and set a trial date of February 3. The single justice stayed this trial date on January 31.

The Commonwealth has a statutory right to apply for an appeal to this court "from a decision, order or judgment of the superior court determining a motion to suppress evidence prior to trial" under G. L. c. 278, § 28E (1984 ed.). This section specifies that the rules of practice and procedure with respect to appeals authorized by this section shall be the same as those applicable to criminal appeals under the Massachusetts Rules of Appellate Procedure. The Commonwealth failed to file a notice of appeal as required by Mass. R. A. P. 3 (a), as amended, 378 Mass. 924 (1979), within the thirty-day time period mandated by Mass. R. A. P. 4 (b), as appearing in 378 Mass. 924 (1979). Nor did the Commonwealth request an extention of the time period to file a notice of appeal from either the lower court judge under Mass. R. A. P. 4 (c), as appearing in 378 Mass. 924 (1979), or from the single justice under Mass. R. A. P. 14 (b), as appearing in 378 Mass. 924 (1979). Because the rules provide a well-integrated procedure for the appeal of lower court decisions (see, e.g., Mass. R. A. P. 8 [b], as appearing in 378 Mass. 924 [1979], which requires the lower court clerk to compile the record on the filing of a notice of appeal), we decline to disturb that procedure by concluding that the Commonwealth's motion to stay proceedings pending appeal was equivalent to a notice of appeal. Consequently, the appeal was not filed in a timely manner, and the application for leave to appeal was not one that the single justice could properly allow.

*Appeal dismissed.*

*Margot Botsford,* Assistant District Attorney (*Ellen M. Caulo,* Assistant District Attorney, with her) for the Commonwealth.

*John C. McBride* for the defendant.