COMMONWEALTH *vs.* LEONARD E. ROSBERG. No. 87-994. February 8, 1988. *Practice, Criminal*, Appeal by Commonwealth.

The complaint in this case charged the defendant with driving so as to endanger (G. L. c. 90, § 24[2][*a*], as most recently amended by St. 1975, c. 156, § 1) and vehicular homicide (G. L. c. 90, § 24G[*b*], as appearing

in St. 1982, c. 376, § 2). On September 6, 1985, a judge of a District Court where the complaint was pending, acting on motion of the defendant, entered a written order (duly docketed by the clerk) which dismissed the complaint in its entirety. The order advised that findings of fact and rulings of law would be prepared in due course and recited that the judge was "mak[ing] this order *at this time*" (emphasis supplied) because of the imminence of trial dates previously set. The findings and rulings were filed on October 22, 1985. They concluded with an "order[] that the motion to dismiss be allowed." That order was superfluous because the judge had made clear in his order of September 6, 1985, that he was dismissing the complaint at "[that] time." On October 29, 1985, the Commonwealth filed a notice of appeal to this court from the order of dismissal. See (1) of the first paragraph of G. L. c. 278, § 28E, as appearing in St. 1979, c. 344, § 45; Mass.R.Crim.P. 15(a)(1), 378 Mass. 883 (1979). The appeal must be dismissed because the notice thereof was not filed within the foreshortened period following the dismissal of September 6, 1985, which is set out in Mass.R.Crim.P. 15(a)(3), 378 Mass. 883 (1979), or within the thirty-day period following that dismissal which is set out in Mass.R.A.P. 4(b), as appearing in 378 Mass. 929 (1979), and made applicable to proceedings such as these by the concluding paragraph of G. L. c. 278, § 28E. The Commonwealth did not request an extension of the time for appeal under Mass.R.A.P. 4(c), as appearing in 378 Mass. 929 (1979), or an enlargement of time under Mass.R.A.P. 14(b), as appearing in 378 Mass. 939 (1979). The purported order of October 22, 1985, did not have the effect of an extension of time under Mass.R.A.P. 4(c) for the reason (if no other) that it does not appear that any of the procedural requirements of that rule was met. See *Commonwealth* v. *Bouvier*, 399 Mass. 1002, 1003 (1987).[1]

*Appeal dismissed.*

*James F. Lang*, Assistant District Attorney, for the Commonwealth.
*Bruce W. Warren* for the defendant.

---

[1] We understand the Commonwealth's desire to see and have an opportunity to study the judge's written findings and rulings before making a final decision whether to proceed with an appeal. The running of the appeal period is not stayed by any such desire, any more than it is in the not uncommon case in which a defendant in a criminal case may have to wait more than thirty days after verdict or sentence before he sees the written findings and rulings which the trial judge may make in connection with his denial of a pretrial motion to suppress, once he has been advised that the defendant has filed a notice of appeal. In either of those cases, a timely claim of appeal can be expressly waived if it appears from the findings and rulings that nothing is to be gained from continuing with the appeal.