COMMONWEALTH vs. ANGEL V. SANTANA.

Suffolk.  April 5, 1988. — August 4, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Interlocutory appeal, Appeal by Commonwealth. *Arrest. Probable Cause. Search and Seizure,* Probable cause. *Constitutional Law,* Search and seizure, Probable cause.

In the circumstances of a criminal case, the prosecution's application under Mass. R. Crim. P. 15 (b) (2) for an interlocutory appeal from a Superior Court judge's allowance of the defendant's motion to suppress evidence was properly before this court on the orders of a single justice. [169-170]

In a criminal case, the judge erred in allowing a motion to suppress cocaine and paraphernalia found on the defendant's person when arrested on the basis of an informant's tip that the defendant was carrying cocaine, where the informant's reliability was established and where, in the absence of information showing the basis of the informant's knowledge, the requirements for probable cause to arrest were satisfied by the police officers' corroboration, by observation, of the details of the informant's description of the defendant's appearance and clothing and of the informant's prediction of the time and place of the defendant's arrival with a brown bag on a bus from New York City. [170-171]

INDICTMENT found and returned in the Superior Court Department on August 6, 1986.

A motion to suppress evidence was heard by *Robert A. Mulligan,* J.

An application for an interlocutory appeal was granted by *Nolan,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him.

*Kevin J. Ross,* Assistant District Attorney, for the Commonwealth.

*Ronald Ian Segal* for the defendant.

ABRAMS, J. A judge in the Superior Court allowed the defendant's motion to suppress evidence obtained from a search of the defendant's person. The Commonwealth sought an inter-

locutory appeal. Mass. R. Crim. P. 15 (b) (2), 378 Mass. 884 (1979). We reverse the order allowing the defendant's motion to suppress.

We summarize the facts as found by the motion judge. At approximately 10 P.M., on June 11, 1986, Detective Eduardo Dominguez received a telephone call at Boston police headquarters from an informant. Dominguez, who was assigned to the drug control unit, had received information from this individual on approximately thirty prior occasions and the informant's tips had led to arrests and convictions of individuals trafficking in cocaine.

The informant told Detective Dominguez that an unnamed Hispanic male with dark hair and a moustache, wearing a red T-shirt and black pants and carrying a brown bag would be arriving in Boston on the 11 P.M. Greyhound bus from New York City. The informant stated that the man would be carrying cocaine. Acting on this information, Detective Dominguez and three other officers proceeded to the Greyhound terminal where they set up a surveillance.

The bus from New York arrived at 11:05 P.M. Dominguez saw the defendant, who fit the informant's description, disembark from the bus. The defendant entered the terminal and made a telephone call from a public telephone. The defendant was in the terminal approximately eight or nine minutes. The defendant then left the terminal and hailed a taxicab.

As the defendant was about to enter the cab, Detective Dominguez arrested him. Dominguez opened the defendant's bag and found forty foil packages containing powdered cocaine, a plastic bag containing rock cocaine, and a substance frequently used to cut cocaine. The defendant filed a motion to suppress the evidence seized from his bag. The Superior Court judge allowed the motion.

After the judge allowed the defendant's motion to suppress, the Commonwealth sought an interlocutory appeal. See Mass. R. Crim. P. 15 (b) (2). In seeking its appeal, the Commonwealth failed to file a notice of appeal in the Superior Court, see Mass. R. A. P. 3 (a), as appearing in 378 Mass. 924 (1978), prior to filing its application before the single justice.

As a result, the defendant filed a motion to dismiss the application as untimely filed. See *Commonwealth* v. *Bouvier*, 399 Mass. 1002, 1003 (1987). Following oral argument, the single justice allowed the Commonwealth's application and transferred the case to the Appeals Court. The defendant filed a notice of appeal in the county court challenging the propriety of the order of the single justice, alleging again that the Commonwealth's appeal was untimely filed. Thereafter, the single justice allowed a motion by the Commonwealth, unopposed by the defendant, to transfer the case from the Appeals Court to this court to be heard together with the other cases raising the same issue that we decide today.

We discuss first the defendant's argument that the Commonwealth's failure to file a notice of appeal in the Superior Court requires the present appeal to be dismissed. The Commonwealth ordinarily must file a timely notice of appeal under rule 3 (a) in order to perfect an interlocutory appeal in a criminal case. *Bouvier, supra.* The defendant clearly raised this point at the hearing on the Commonwealth's application, and the single justice expressly stated in his order that he allowed the Commonwealth's application, "[u]pon consideration of counsels' argument." Thus, implicit in the order of the single justice is the exercise of his authority to "suspend the requirements or provisions of any of these rules in a particular case on application of a party or on [his] own motion and . . . order proceedings in accordance with [his] direction." Mass. R. A. P. 2, 365 Mass. 845 (1974).

Although the better practice would have been for the single justice expressly to permit the Commonwealth to file a notice of appeal (subject to the time limit in Mass. R. A. P. 14 [b], as appearing in 378 Mass. 924 [1979]),[1] and to condition his allowance of the application on the Commonwealth's filing a proper notice in the Superior Court, we decline to rule that the procedure he selected in this case requires dismissal of the

---

[1] The Commonwealth filed its application for an interlocutory appeal within four days after the Superior Court judge allowed the defendant's motion to suppress.

appeal.[2] The single justice expressly ordered "that the Clerk of the Superior Court Department of the Trial Court for the County of Suffolk assemble the record in [this case] and transmit the record to the Appeals Court of the Commonwealth for determination by that court." In the circumstances of this case, we conclude that the single justice's order, which was filed in the Superior Court the day after its issuance, served the purpose of a rule 3 (a) notice of appeal. We therefore proceed to the merits.

The issue on appeal is whether there was probable cause to support the defendant's arrest and the search of his bag. As we concluded in *Commonwealth* v. *Robinson, ante* 163 (1988), an arrest and search comports with the due process requirements of art. 14 of the Massachusetts Declaration of Rights if the information known to the police at the time of the arrest satisfies the two-pronged test of *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and *Spinelli* v. *United States*, 393 U.S. 410 (1969). Independent police corroboration of the details of the informant's tip may compensate for a deficiency in either or both prongs of the *Aguilar-Spinelli* inquiry. *Robinson, supra* at 166.

Addressing first the reliability prong of the *Aguilar-Spinelli* inquiry, we conclude, as did the judge below, that the informant's reliability was established by the accurate and reliable information he had provided Detective Dominguez on numerous prior occasions. As the judge below noted, this information had resulted in convictions. Thus, the informant's past record of supplying credible information to Detective Dominguez satisfies the reliability prong of the *Aguilar-Spinelli* test.

---

[2] "Appellate Rule 2, substantially tracking [Fed. R. A. P. 2], injects flexibility into the appellate structure. It permits relaxation of the rules in the interest of expedition, or for good cause . . . ." Reporters' Notes to Mass. R. A. P. 2, Mass. Ann. Laws, Rules of Appellate Procedure at 268 (1982).

We are influenced in our thinking by the fact that allowing the Commnwealth's appeal permitted this case to be decided together with other cases raising similar substantive issues. The single justice was aware of the judicial economy to be achieved in allowing the application, as he allowed a similar application in one of the companion cases, *Commonwealth* v. *Gonzalez, post* 172 (1988), on the same day.

We turn to the basis of the knowledge requirement. The motion judge found that the informant had not provided the officer with information as to any underlying circumstances from which a basis for the informant's knowledge could be found. In analyzing whether independent police corroboration satisfies either or both prongs of the *Aguilar-Spinelli* inquiry, we have used the detail provided by the informant in *Draper* v. *United States*, 358 U.S. 307 (1959), as a suitable point of comparison. See *Robinson*, *supra* at 166.

We conclude that the facts in this case compare favorably with the facts in *Draper*, and that there was sufficient independent police corroboration of the informant's tip to satisfy the *Aguilar-Spinelli* inquiry. In this case, as in *Draper*, the informant described the defendant's physical appearance and clothing. The informant also correctly stated the defendant's time and place of arrival and the fact that he would be carrying a brown bag. Accordingly, we conclude that the motion judge should not have allowed the defendant's motion to suppress. The order therefore is reversed and the case is remanded to the Superior Court for trial.

*So ordered.*