## Commonwealth *vs.* Jeremy McConaga
### (and a companion case[1]).

Nos. 10-P-459 & 10-P-579.

Bristol. February 15, 2011. - May 13, 2011.

Present: Rapoza, C.J., Kafker, & Fecteau, JJ.

*Practice, Criminal,* Motion to suppress, Motion for reconsideration, Interlocutory appeal.

In a criminal matter, the Commonwealth's motion to reconsider, filed sixty-six days following the entry of a Superior Court order allowing the criminal defendant's motion to suppress, along with the Commonwealth's appeal from the denial of reconsideration, was not sufficient to bring an appeal from the allowance of the suppression motion properly before this court, under the provisions of G. L. c. 278, § 28E, or Mass.R.Crim.P. 15(a)(2), in the absence of a timely filed notice of appeal in the trial court and application for leave to appeal before a single justice of the Supreme Judicial Court, the allowance of a motion to extend time for such filing timely brought within the appeal period, or a motion to reconsider filed within the appeal period. [526-529]

Indictments found and returned in the Superior Court Department on May 2, 2008.

A pretrial motion to suppress evidence was heard by *David A. McLaughlin,* J., a motion for reconsideration was considered by him, and a motion to dismiss was heard by him.

An application for leave to prosecute an interlocutory appeal was allowed by *Margot Botsford,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by her to the Appeals Court.

*Rachel J. Eisenhaure,* Assistant District Attorney, for the Commonwealth.

*Elizabeth Doherty* for the defendant.

Fecteau, J. The issue in these appeals by the defendant and

[1]The companion case is between the same parties.

the Commonwealth is whether the Commonwealth's motion to reconsider, filed sixty-six days following the entry of a Superior Court order allowing the defendant's motion to suppress, along with its appeal from the denial of reconsideration, is sufficient to bring an appeal from the allowance of the suppression motion properly before us, under the provisions of G. L. c. 278, § 28E, or Mass.R.Crim.P. 15(a)(2), as appearing in 422 Mass. 1501 (1996). Given the record on appeal, we hold that in the absence of (1) a timely filed notice of appeal in the trial court and application for leave to appeal before the single justice of the Supreme Judicial Court, (2) the allowance of a motion to extend time for such filings timely brought within the appeal period, or (3) a motion to reconsider filed within the appeal period, it is not. Consequently, because the Commonwealth's motion to reconsider was untimely, its appeal from the order allowing the motion to suppress is time barred. Therefore, it was error to deny the defendant's motion to dismiss the Commonwealth's appeal.[2]

*Procedural background.* Among other offenses, the defendant was charged with trafficking in cocaine.[3] In connection therewith, the defendant filed a motion to suppress the evidence seized as a result of the execution of a search warrant that was issued authorizing a search of a particular vehicle and the person of the defendant. In the motion to suppress, the defendant primarily argued that the affidavit filed in support of the application for the search warrant failed to provide a sufficient nexus between the criminal conduct alleged in the warrant application and the specific vehicle sought to be searched.[4] On November 21, 2008,

---

[2]Deciding as we do in the defendant's appeal (no. 10-P-579) that it was error to deny his motion to dismiss the Commonwealth's appeal, we therefore dismiss the Commonwealth's appeal (no. 10-P-450) and do not separately address its merits.

[3]The defendant was also charged with unlawful possession of a firearm and unlawful possession of a large capacity firearm; the lawfulness of the police seizure of the firearms appears yet to be decided in the trial court.

[4]The defendant's motion to suppress also complained that the affidavit, which was based upon information from a confidential informant, was insufficient to satisfy the *Aguilar-Spinelli* test. See *Aguilar* v. *Texas*, 378 U.S. 108 (1964); *Spinelli* v. *United States*, 393 U.S. 410 (1969). The judge decided this issue against the defendant, and given our decision, it is one we need not address.

a judge allowed the defendant's motion to suppress all evidence seized by police pursuant to their execution of the search warrant on the basis that there was insufficient nexus between the alleged criminal conduct and the vehicle.

On January 26, 2009, as its first written challenge to the correctness of the judge's decision, the Commonwealth filed a motion to reconsider on the ground that the judge had not made findings and the parties had not discussed whether there was a sufficient nexus shown to connect the likelihood of finding evidence of criminal conduct on the person of the defendant separate from the vehicle. Following the filing of an opposition by the defendant, on March 4, 2009, the Commonwealth's motion for reconsideration was denied, from which a notice of appeal was filed.[5] The defendant then filed a motion to dismiss the Commonwealth's appeal, which was denied by the judge on May 1, 2009, and from which the defendant has appealed.

*Discussion.* The Commonwealth contends that its motion to reconsider was filed within a reasonable time in order to bring an appeal from the judge's original decision on the motion to suppress properly before us. We disagree.

Rules 15(a)(2) and 15(b)(1) of the Massachusetts Rules of Criminal Procedure govern the procedure for an appeal from a judge's decision on a motion to suppress and the time for filing the appeal, respectively. Rule 15(b)(1), as appearing in 422 Mass. 1502 (1996), states that "[a]n application for leave to appeal under subdivision (a)(2) [pertaining to the right of appeal from an order determining a motion to suppress evidence] shall be made by filing within ten days of the issuance of notice of the order being appealed, or such additional time as either the trial judge or the single justice of the Supreme Judicial Court shall order, (a) a notice of appeal in the trial court, and (b) an

---

[5]On March 12, 2009, the Commonwealth filed its notices of appeal from the orders allowing the defendant's motion to suppress and denying its motion for reconsideration, and filed a motion to extend the time for filing its application to a single justice of the Supreme Judicial Court for leave to appeal the suppression order. The motion to extend time was granted by the Superior Court judge on May 1, 2009; given the result we reach, this order is reversed. The Commonwealth's leave to appeal from the suppression order was granted by the single justice on May 29, 2009; it appears that the single justice did not address the timeliness issue of the appeal.

application to the single justice of the Supreme Judicial Court for leave to appeal."[6]

"We agree with the Commonwealth that the availability of appellate review does not preclude reconsideration by the judge of his prior order." *Commonwealth* v. *Mandile*, 15 Mass. App. Ct. 83, 85 (1983). A party may timely appeal from an order on reconsideration, but as conceded by the Commonwealth, it is of little advantage given the abuse of discretion standard that must be applied to the judge's order on reconsideration. "It is settled that a judge has considerable discretion to reconsider prior orders, provided the request is made within a reasonable time." *Commonwealth* v. *Pagan*, 73 Mass. App. Ct. 369, 374 (2008), quoting from *Commonwealth* v. *Gonsalves*, 437 Mass. 1022, 1022 (2002). Here, the Commonwealth seeks to appeal from the allowance of a motion to suppress; it contends that the filing of its motion to reconsider, filed sixty-six days after the motion was decided, and its appeal from the denial thereof, is sufficient in order to bring an appeal from the original order of suppression, even though the Commonwealth failed to timely file a notice of appeal on the suppression order and the application for leave to appeal, or a timely motion to extend the time to file its notice and application. In other words, at issue here is whether the Commonwealth's motion to reconsider was adequate to revive the Commonwealth's appellate rights that had lapsed under rule 15, given its failure to file a notice of appeal and application for leave in compliance with rule 15(b)(1)'s time requirements.

Many of the cases on which the Commonwealth relies were decided at a time when a motion to reconsider was allowed to be filed within an appeal period of a "reasonable time." Contrast *Commonwealth* v. *Balboni*, 419 Mass. 42, 43-44 (1994) (post-

---

[6]General Laws c. 278, § 28E, does not provide the Commonwealth a period of time in which to file its appeal beyond the ten days provided by Mass.R. Crim.P. 15, given that § 28E references Mass.R.A.P. 4(b), as amended, 431 Mass. 1601 (2000), which, in turn, sets a thirty-day appeal period in the absence of a specific court rule. See Reporter's Notes to Mass.R.A.P. 4(b), 47 Mass. Gen. Laws Ann., at 1010 (West 2006) ("Prior to the 2000 amendment, Appellate Rule 4[b] . . . provided that the notice of appeal was to be filed within thirty days, unless otherwise provided by statute. The rule now states that the notice of appeal is to be filed within thirty days unless otherwise provided by statute *or court rule*" [emphasis in original]).

disposition motion to reconsider must be filed within time allowed for appeal); *Commonwealth* v. *Alvarado*, 420 Mass. 542, 543 n.3 (1995) (finding that the Commonwealth's application for interlocutory appeal was filed within a reasonable time, partly due to the fact that its notice of appeal was filed within six days of the judge's order on the motion to suppress); *Commonwealth* v. *Powers*, 21 Mass. App. Ct. 570, 573-574 (1986) (concluding Commonwealth's appeal of order timely filed where Commonwealth's motion to reconsider order was filed within the thirty-day appeal period then in force). Indeed, from 1979 to 1996, rule 15 permitted an application for leave to appeal to be filed within a reasonable time. See *Commonwealth* v. *Lewin (No. 3)*, 408 Mass. 147, 149 (1990) ("Mass. R. Crim. P. 15 [b] [3], 378 Mass. 884 [1979], provides that any application for leave to appeal under subdivision [b] [2] of this rule shall be 'filed within [a] reasonable time after the ruling of the judge . . . and in any event before the defendant has been placed in jeopardy' "). Before 1979, G. L. c. 278, § 28E, governed the interlocutory appeal procedure, and under the time provisions of that statute, a party seeking to appeal from a motion to suppress was required to file its application within ten days. See St. 1967, c. 898, § 1. For appeals after 1979, the statute made the filing of an interlocutory appeal subject to the Massachusetts Rules of Appellate Procedure, see St. 1979, c. 344, § 45, which, prior to the 2000 amendment to Mass.R.A.P. 4(b), see 431 Mass. 1601 (2000), did not refer to the more specific procedural requirements of Mass.R.Crim.P. 15. See note 6, *supra*. Therefore, since 2000, Mass.R.Crim.P. 15 and G. L. c. 278, § 28E, have acted in coordination to require that an appeal from a motion to suppress be filed within ten days. Thus, the "reasonable time" on which the Commonwealth relies no longer applies.

Notwithstanding its pre-2000 vintage, when the time for the Commonwealth to file an interlocutory appeal from the allowance of a motion to suppress was thirty days, see note 6, *supra*, the case of *Commonwealth* v. *Bouvier*, 399 Mass. 1002 (1987), is instructive for general principles that apply with equal force today. There, the court stated: "The Commonwealth failed to file a notice of appeal as required by Mass. R. A. P. 3 (a), as amended, 378 Mass. 924 (1979), within the thirty-day time

period mandated by Mass. R. A. P. 4 (b), as appearing in 378 Mass. 924 (1979). Nor did the Commonwealth request an extension of the time period to file a notice of appeal from either the lower court judge under Mass. R. A. P. 4 (c), as appearing in 378 Mass. 924 (1979), or from the single justice under Mass. R. App. P. 14 (b), as appearing in 378 Mass. 924 (1979). Because the rules provide a well-integrated procedure for the appeal of lower court decisions (see, e.g., Mass. R. A. P. 8 [b], as appearing in 378 Mass. 924 [1979], which requires the lower court clerk to compile the record on the filing of a notice of appeal), we decline to disturb that procedure by concluding that the Commonwealth's motion to stay proceedings pending appeal was equivalent to a notice of appeal. Consequently, the appeal was not filed in a timely manner, and the application for leave to appeal was not one that the single justice could properly allow." *Id.* at 1003.

We likewise consider the motion for reconsideration to have been untimely and ineffective to revive the Commonwealth's appeal rights from the original order allowing the motion to suppress. See *Commonwealth* v. *Montanez*, 410 Mass. 290, 294 nn.4, 5 (1991) (motion for reconsideration must be brought within period allocated for noticing appeal, and if untimely filed, motion does not stop appeal period until motion is denied). In *Commonwealth* v. *Montanez*, the defendant moved for a new trial. *Id.* at 294. Thirty-six days following its denial, the defendant moved for reconsideration, which was denied. *Ibid.* The defendant then appealed both orders, and the Supreme Judicial Court held that the defendant's motion for reconsideration and his appeal from the denial of the motion for new trial were both time barred. *Ibid.* See *Commonwealth* v. *Haskell*, 438 Mass. 790, 792 (2003), citing *Commonwealth* v. *Balboni*, 419 Mass. at 43-44; *Commonwealth* v. *Patton*, 458 Mass. 119, 124 n.7 (2010).

Thus, in no. 10-P-579, the order entered on May 1, 2009, is reversed and a new order is to enter allowing the defendant's motion to dismiss the Commonwealth's appeal. In no. 10-P-459, the Commonwealth's appeal is dismissed.

*So ordered.*