NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11440

COMMONWEALTH  vs.  KOREY JORDAN
(and a companion case[1]).


Suffolk.     March 6, 2014. - July 14, 2014.

Present:  Ireland, C.J., Spina, Botsford, Gants, Duffly,
& Lenk, JJ.


Practice, Criminal, Appeal, Appeal by Commonwealth,
     Interlocutory appeal, Motion to suppress.  Notice,
     Timeliness.  Rules of Appellate Procedure.  Time.  Appeals
     Court, Jurisdiction.  Supreme Judicial Court,
     Superintendence of inferior courts.  Firearms.  Evidence,
     Firearm.  Constitutional Law, Search and seizure,
     Investigatory stop, Probable cause, Stop and frisk.
     Probable Cause.  Threshold Police Inquiry.  Search and
     Seizure, Motor vehicle, Threshold police inquiry,
     Reasonable suspicion, Probable cause.



     Complaints received and sworn to in the Dorchester Division
of the Boston Municipal Court Department on April 28, 2009.

     Following transfer to the Central Division of the Boston
Municipal Court Department, a pretrial motion to suppress
evidence was heard by Michael J. Coyne, J.

     An application for leave to prosecute an interlocutory
appeal was allowed by Cordy, J., in the Supreme Judicial Court
for the county of Suffolk.  After review by the Appeals Court,
the Supreme Judicial Court granted leave to obtain further
appellate review.

---

[1] Commonwealth vs. Bonnie S. Greene.

     Allison R. Callahan, Assistant District Attorney (Benjamin
R. Megrian, Assistant District Attorney, with her) for the
Commonwealth.
     Dennis M. Toomey for Korey Jordan.
     Michael A. Contant for Bonnie S. Greene.

     BOTSFORD, J.  This is an interlocutory appeal brought by
the Commonwealth from an order of a Boston Municipal Court judge
allowing the defendants' motion to suppress.  The procedural
history reflects that the Commonwealth's notice of appeal was
filed significantly late in the trial court, and its application
to the single justice of this court for leave to appeal was
filed significantly late in the county court.  In neither
instance did the Commonwealth file a timely motion to enlarge
the time for filing.  A single justice allowed the application,
and the case was entered in the Appeals Court.  In an
unpublished order, a panel of that court dismissed the appeal on
a jurisdictional ground, believing that it had no authority to
authorize the late-filed notice of appeal.  We granted the
Commonwealth's request for further appellate review.  For the
reasons explained hereafter, we do not dismiss the appeal.
Rather, we affirm the order allowing the motion to suppress.  In
addition, because there has sometimes been ambiguity in the
manner in which the single justices of this court have applied
the procedural rules governing the timeliness of interlocutory
appeals of orders on motions to suppress, we set out at the end

of this opinion a new framework that will apply henceforth to such appeals.

1. <u>Background</u>. a. <u>Facts</u>. On April 28, 2009, complaints issued from the Boston Municipal Court against both defendants, Korey Jordan and Bonnie Greene, charging them with unlawfully carrying a firearm, G. L. c. 269, § 10 (<u>a</u>); unlawful possession of a firearm, G. L. c. 269, § 10 (<u>h</u>); and unlawful possession of a loaded firearm, G. L. c. 269, § 10 (<u>n</u>). Jordan also was charged as an armed career criminal pursuant to G. L. c. 269, § 10G. Jordan filed a motion to suppress on October 8, 2009, which Greene later joined. A judge of the Boston Municipal Court (motion judge) held an evidentiary hearing on the motion in February, 2010. What follows is a summary of the facts found by the motion judge based on the evidence presented at that hearing.

On April 25, 2009, a shooting occurred at 49 Rosseter Street in the Dorchester section of Boston. A woman suffered a grazed forehead during the event, although it was not clear that a bullet actually caused the injury. After firing his weapon, the shooter entered a Toyota Camry automobile and drove away. The victim described the shooter as a black man between the ages of twenty and twenty-three; she also provided the police with the license plate number of the Camry. Two days later, on April 27, police officers identified a Toyota Camry with the same

license plate number near the location of the shooting. The officers observed Jordan and Greene as well as a third person, Phillip Jackson,[2] standing on the sidewalk near the Camry. Whenever other vehicles drove by, the two defendants and Jackson moved away from the street. The officers believed this nervous behavior indicated that one or more in the group possessed an illegal firearm or feared a retaliatory drive-by shooting. Both Jordan and Jackson, as young black males, fit the general description that the victim had provided of the shooter in the April 25 incident.

Jordan, Greene, and Jackson entered the Camry with Jordan in the driver's seat, Greene in the passenger seat, and Jackson in the back seat. The officers knew that the Camry was rented, but they did not have any information about the identity of the renter or the terms of the rental contract. The officers stopped the Camry shortly after Jordan began driving away; he pulled over immediately.[3] One of the officers, Serra, approached the vehicle and asked Jordan for his license and registration. Jordan quickly opened and closed the glove compartment and center console without looking inside, and then he retrieved his license from his pocket. Jordan's hands were "trembling

---

[2] Jackson also was charged as a codefendant, but the complaint against him was dismissed following his death in November, 2009.

[3] The officers did not observe the defendants commit any traffic violations.

heavily" as he handed his license to the officer, and Serra noticed that Greene's hands also were shaking.  Serra did not inquire about the ownership of the car, the identity of Jordan's passengers, where the three were going, or where they had been two days earlier.  Serra ordered all three individuals out of the vehicle, pat frisked each of them, and found no weapons. All three complied peacefully with the officer's requests throughout the encounter.

Officer Serra then proceeded to search the Camry for a "hide" for weapons, something he had expertise in identifying. On entering the car, he noticed "non-factory lines" around the center console area.  The officers lifted up the console, exposing the barrel of a hidden firearm.  At this point the defendants and Jackson were arrested.

b.  Procedural history.  The motion judge held an evidentiary hearing on the defendants' motion to suppress on February 3, 2010.  He heard arguments from counsel on May 3 and eventually allowed the motion on November 17.[4]  On January 7, 2011, fifty-one days after notice of the order allowing the motion had issued, the Commonwealth filed in the trial court

---

[4] The docket entry for the allowance of the motion lists the date as November 17, 2010.  The judge's handwritten endorsement in the margin of the motion, dated November 16, stated in relevant part:  "[T]he motion is allowed.  I find the police lacked probable cause to stop the vehicle; to order the occupants out of the vehicle; and search the interior of the vehicle" (emphasis in original).

both a notice of appeal and a motion to extend until January 17, 2011, the time for filing its application to a single justice of this court for leave to appeal.[5] The Commonwealth did not move to extend the time for its late notice of appeal. A Boston Municipal Court judge other than the motion judge allowed the Commonwealth's motion with respect to the application for leave to appeal on the day that motion was filed.

The Commonwealth did not file its application to the single justice for leave to appeal on or before the extended deadline, January 17, 2011. Instead, on January 14, it filed in the trial court a request for written findings and rulings on the suppression motion. The motion judge issued his findings on March 28, 2011.

On March 31, 2011, 133 days after the issuance of the order allowing the motion to suppress, the Commonwealth filed in the county court its application to the single justice for leave to appeal. The application was not accompanied by any motion to

---

[5] As explained in greater detail infra, Mass. R. Crim. P. 15 (b) (1), as appearing in 422 Mass. 1501 (1996), requires a party aggrieved by a ruling on a motion to suppress, who wishes to pursue an interlocutory appeal of that ruling, to file both a notice of appeal in the trial court and an application for leave to appeal in the county court. The rule requires that both papers be filed within ten days of the issuance of notice of the order being appealed. The trial court docket in this case indicates that notice of the suppression order was issued on the same day as the order, November 17, 2010. Thus, barring extensions of time, the notice of appeal and the application for leave to appeal should have been filed by November 27, 2010.

enlarge the time for filing it, nor did it mention that the notice of appeal and the application for leave to appeal were both filed substantially late.[6]  On April 26, 2011, a single justice allowed, without a hearing, the Commonwealth's application for leave to appeal and reported the appeal to the Appeals Court.  The appeal was docketed in the Appeals Court on May 25, 2011.

On September 7, 2012 -- approximately twenty-two months after the motion judge's suppression order, approximately sixteen months after its interlocutory appeal had been allowed to proceed, and just three days before the case was scheduled to be heard in the Appeals Court -- the Commonwealth filed a motion in the county court "to accept as timely filed" both its notice of appeal previously filed in the trial court and its application for leave to pursue the appeal previously filed in the county court.[7]  To date, this motion has not been acted on.[8]

---

[6] Jordan, but not Greene, filed an opposition to the Commonwealth's application in the county court.  The opposition, like the application, did not mention the late filing of either the notice of appeal or the application for leave to appeal.

[7] This motion was filed by the Commonwealth after the defendants raised the issue of the Commonwealth's late filing in their briefs in the Appeals Court.  The Commonwealth did not address the late-filing issue in its principal Appeals Court brief and did not file a reply brief addressing the issue.

[8] The Appeals Court's order dismissing the appeal states that, two days before the argument, the Commonwealth also filed a motion in that court to allow the late filing of its notice of appeal, although such a motion does not appear on the Appeals Court's docket.

The case was argued in the Appeals Court on September 10, 2012. On October 17, 2012, a panel of that court issued an unpublished order dismissing the appeal. The panel determined that the Appeals Court lacked jurisdiction to hear this interlocutory appeal because the Commonwealth's notice of appeal had not been timely filed. The panel, apparently believing that the Commonwealth had filed a motion in the trial court for an extension of time in which to file its notice of appeal,[9] and relying on Mass. R. A. P. 4 (c), as amended, 378 Mass. 928 (1979), concluded that the trial court had no authority to grant an extension of time for a notice of appeal beyond December 27, 2010. The panel further concluded that the Appeals Court was itself "without jurisdiction" to grant the motion that was before it to enlarge the time for filing the notice of appeal. Citing Mass. R. Crim. P. 15 (b) (1), as appearing in 422 Mass. 1501 (1996), the panel stated that, with respect to interlocutory appeals from suppression rulings, only a judge in the trial court or a single justice of the Supreme Judicial Court can extend the time for filing a notice of appeal.

---

[9] The Commonwealth in fact did not ask the trial court to extend the time for filing its notice of appeal; the Commonwealth asked only that the trial court extend the time for filing its application to the single justice for leave to appeal. The notice of appeal and the application are separate documents.

2.  Applicable statute and rules.  We begin with a review of the applicable statute and court rules.  Neither the Commonwealth nor a defendant has an absolute right to take an interlocutory appeal from a trial court ruling on a motion to suppress.  However, under G. L. c. 278, § 28E, and Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996), both the Commonwealth and a defendant have a right and opportunity to apply to a single justice of this court for leave to pursue such an appeal.[10]  They may proceed with an interlocutory appeal if and only if it has been authorized by a single justice under the statute and rule.  The final paragraph of § 28E states that, when such appeals are authorized, the "[r]ules of practice and procedure with respect to [the] appeals . . . shall be the same as those applicable to criminal appeals under the Massachusetts

---

[10] Read in isolation, G. L. c. 278, § 28E, which was last amended in 1991, see St. 1991, c. 488, §§ 11, 12, suggests that the Commonwealth may appeal as a matter of right to the Appeals Court from an order of the District Court allowing a motion to suppress.  That is incorrect.  The statute must be read together with G. L. c. 218, §§ 26A and 27A (g), as amended by St. 1992, c. 379, and Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996).  See Reporters' Notes to Rule 15, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1549 (LexisNexis 2013).  When the statutes and rule are read together, it is clear that in order to pursue an interlocutory appeal from a suppression ruling, the Commonwealth must first obtain leave to proceed with the appeal from a single justice of this court, regardless of whether the suppression ruling is a ruling of the District Court or the Superior Court.  See, e.g., Commonwealth v. Lopez, 451 Mass. 608, 608-609 (2008); Commonwealth v. Silva, 440 Mass. 772, 773 (2004); Commonwealth v. Haskell, 438 Mass. 790, 791 (2003).

Rules of Appellate Procedure."  See Commonwealth v. Bouvier, 399 Mass. 1002, 1003 (1987).

Rule 3 (a) of the Massachusetts Rules of Appellate Procedure, as amended, 378 Mass. 927 (1979), addresses the filing of notices of appeal generally.  It provides that "[a]n appeal permitted by law from a lower court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by rule 4."  Rule 4 (b) of the Massachusetts Rules of Appellate Procedure, as amended, 431 Mass. 1601 (2000), in turn, provides that, in a criminal case, "unless otherwise provided by statute or court rule," a notice of appeal must be filed in the trial court "within thirty days after entry of the judgment or order appealed from."

Rule 15 of the Massachusetts Rules of Criminal Procedure is, in the language of rule 4 (b), a "court rule" that "otherwise provide[s]" the time in which a notice of appeal must be filed.  Rule 15 (a) (2)[11] describes the process by which a party may seek and obtain leave to pursue an interlocutory

---

[11] Rule 15 (a) (2) provides:

"Right of Appeal Where Motion to Suppress Evidence Determined.  A defendant or the Commonwealth shall have the right and opportunity to apply to a single justice of the Supreme Judicial Court for leave to appeal an order determining a motion to suppress evidence prior to trial. If the single justice determines that the administration of justice would be facilitated, the justice may grant that leave and may hear the appeal or may report it to the full Supreme Judicial Court or to the Appeals Court."

appeal from an order on a motion to suppress, and

rule 15 (b) (1)[12] prescribes the time period for filing the two

documents that are needed to perfect such an appeal:  first, a

notice of appeal filed in the trial court and, second, the

application filed in the county court seeking leave from the

single justice to pursue the appeal.  Specifically, under

rule 15 (b) (1), the party seeking to appeal has ten days from

the issuance of notice of the order being appealed to make <u>both</u>

required filings.[13]  See <u>Commonwealth</u> v. <u>Love</u>, 452 Mass. 498, 507

(2008); <u>Commonwealth</u> v. <u>McConaga</u>, 79 Mass. App. Ct. 524, 528

(2011).  See also <u>Commonwealth</u> v. <u>Guaba</u>, 417 Mass. 746, 751

(1994) (discussing earlier version of rule 15).

---

[12] Rule 15 (b) (1) of the Massachusetts Rules of Criminal Procedure, as appearing in 422 Mass. 1501 (1996), provides:

> "Time for Filing Appeal. . . .  An application for leave to appeal [an order on a motion to suppress under rule 15 (a) (2)] shall be made by filing within ten days of the issuance of notice of the order being appealed, or such additional time as either the trial judge or the single justice of the Supreme Judicial Court shall order, (a) a notice of appeal in the trial court, and (b) an application to the single justice of the Supreme Judicial Court for leave to appeal."

[13] A standing order of this court, entitled "Applications to a Single Justice Pursuant to Mass. R. Crim. P. 15 (a) (2)," effective February 1, 1997, purports to reduce the time for filing the notice of appeal and the application for leave to appeal from ten days, as set out in rule 15 (b) (1), to seven days.  In this opinion, we focus on the provisions of the pertinent court rules, not the standing order.  We briefly discuss the standing order in part 3.d, <u>infra</u>.

As rule 15 (b) (1) indicates, its ten-day filing period for the notice of appeal is not absolute. The rule expressly provides that a judge of the trial court or a single justice of this court may grant "additional time" in which to file. How much additional time, when it may be sought, and the standard by which requests for additional time will be evaluated are not defined in the rule itself, but they are addressed in the Massachusetts Rules of Appellate Procedure that deal with extensions of time.[14] These rules are meant to be read together with rule 15. When this is done, it becomes clear that a trial court judge, an appellate court, and a single justice of an appellate court all have the authority to grant extensions of time for filing the notice of appeal.

In particular, as the Appeals Court correctly recognized in its order of dismissal in this case, a judge in the trial court has authority under Mass. R. A. P. 4 (c),[15] "[u]pon a showing of

---

[14] Consistent with the statutory directive in the final paragraph of G. L. c. 278, § 28E, quoted supra, our cases have indicated that parties pursuing interlocutory appeals pursuant to criminal rule 15 must satisfy the requirements of Mass. R. A. P. 3, as amended, 430 Mass. 1602 (1999), and Mass. R. A. P. 4, as amended, 430 Mass. 1603 (1999). See Commonwealth v. Bouvier, 399 Mass. 1002, 1003 (1987). See also Commonwealth v. Franco, 419 Mass. 635, 636 (1995); Commonwealth v. Guaba, 417 Mass. 746, 750-752 (1994).

[15] Rule 4 (c) of the Massachusetts Rules of Appellate Procedure, as amended, 378 Mass. 928 (1979), states:

"Upon a showing of excusable neglect, the lower court may extend the time for filing the notice of appeal by any

excusable neglect," to extend the time for filing a notice of appeal up to and including "thirty days from the expiration of the time otherwise prescribed by" Mass. R. A. P. 4 (b). Because, as we have explained, the time prescribed by Mass. R. Crim. P. 15 (b) (1) and, therefore, by rule 4 (b) for filing a notice of appeal from an order on a motion to suppress is ten days, a trial court judge acting under rule 4 (c) may extend the time for filing the notice of appeal in a case such as this up to forty days from the date of issuance of notice of the order, i.e., up to thirty days beyond the otherwise prescribed ten-day filing period.

Rule 4 (c) addresses only the authority of a trial court judge to enlarge time; different appellate rules govern the authority of a single justice and an appellate court to enlarge the time prescribed by rule 15 (b) (1) for filing the notice of

party for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this rule. Such an extension may be granted before or after the time otherwise prescribed by this rule has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the lower court shall deem appropriate."

It is important to note that rule 4 (c) governs only extensions of time for filing a notice of appeal in the trial court. Neither rule 4 (c) nor any of the other appellate rules governs extensions of time for the ten-day period set out in Mass. R. Crim. P. 15 (b) (1) for filing an application to a single justice of this court for leave to pursue the interlocutory appeal. The authority of a trial court judge or a single justice to extend the time for filing an application derives from rule 15 (b) (1), not from the appellate rules.

appeal.  In particular, Mass. R. A. P. 2, 365 Mass. 845 (1974),[16]
and Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979),[17]
provide the appellate court and its single justices with the
authority to act.  In the context of interlocutory appeals from
orders on motions to suppress, we have viewed rules 2 and 14 (b)
as authorizing this court or a single justice of the county
court, in appropriate circumstances, to suspend or extend the
time for filing the notice of appeal.  See, e.g., Commonwealth
v. Guaba, 417 Mass. at 751-752; Commonwealth v. Santana, 403
Mass. 167, 169-170 (1988).  We can see no good reason why, when
the criminal rules and the appellate rules are read together, as
the final paragraph of G. L. c. 278, § 28E, contemplates, the

---

[16] Rule 2 of the Massachusetts Rules of Appellate Procedure,
365 Mass. 845 (1974), states:

> "In the interest of expediting decision, or for other
> good cause shown, the appellate court or a single justice
> may, except as otherwise provided in Rule 14 (b), suspend
> the requirements or provisions of any of these rules in a
> particular case on application of a party or on its own
> motion and may order proceedings in accordance with its
> direction. Such a suspension may be on reasonable terms."

[17] Rule 14 (b) of the Massachusetts Rules of Appellate
Procedure, as amended, 378 Mass. 939 (1979), states in pertinent
part:

> "The appellate court or a single justice for good
> cause shown may upon motion enlarge the time prescribed by
> these rules or by its order for doing any act, or may
> permit an act to be done after the expiration of such time;
> but neither the appellate court nor a single justice may
> enlarge the time for filing a notice of appeal beyond one
> year from the date of entry of the judgment or order sought
> to be reviewed . . . ."

Appeals Court and its single justices would not have the same authority as this court and our single justices to suspend or extend the time for filing notices of appeal in interlocutory appeals that have been authorized and reported to that court. The Appeals Court and its single justices, in those cases, are respectively "the appellate court" and "a single justice" within the meaning of rules 2 and 14 (b).[18]

3. Discussion. a. Timeliness of the Commonwealth's appeal. The Commonwealth claims that the Appeals Court erred in concluding that it lacked jurisdiction to reach the merits of this interlocutory appeal. Its delays and lack of explanation may have been regrettable, the Commonwealth argues, but they were essentially irrelevant because the single justice of this court, by exercising his discretion to allow the Commonwealth's application for leave to appeal, effectively cured any and all time-related procedural defects that may have existed. In the

---

[18] We add a final point concerning the allowance of motions to extend time for filing notices of appeal. In the case of a trial court judge acting pursuant to Mass. R. A. P. 4 (c), so long as the appealing party files its notice of appeal in the trial court within forty days of the date of issuance of the notice of the order it seeks to appeal, the judge has authority to act on a motion to extend at any time thereafter. See Board of Health of Sturbridge v. Board of Health of Southbridge, 461 Mass. 548, 552-553 (2012). Similarly, a single justice or an appellate court, acting under Mass. R. A. P. 14 (b), is empowered to act at any time on a motion to enlarge the time to file a notice of appeal, so long as the appealing party has filed its notice of appeal within one year of the issuance of notice of the order it seeks to appeal. See Commonwealth v. White, 429 Mass. 258, 263-264 (1999).

Commonwealth's view, the single justice's act of allowing the application and reporting the case to the Appeals Court indicates that he acted implicitly pursuant to Mass. R. A. P. 2 to suspend all rules relating to time limits for filing the notice of appeal and the application for leave to appeal. The Commonwealth claims that because it did in fact file a notice of appeal in the trial court (albeit late), and the single justice did not condition review of the merits in any manner, the Appeals Court was required to treat the appeal as procedurally proper and proceed directly to the merits.

We reject the contention that the single justice acted implicitly pursuant to rule 2 to suspend the otherwise applicable time requirements of the pertinent rules. Rule 2 requires a showing of "good cause" for suspension of the rules; moreover, the suspension of generally applicable procedural rules is an extraordinary, not an ordinary, event. We are loathe to conclude that the single justice, on his own motion, without being requested, and without saying that he was doing so, meant to suspend (or should be deemed to have suspended) the rules in a case where neither the Commonwealth nor the defendants raised any issue of timeliness before him.[19]

---

[19] This case is quite different from Commonwealth v. Santana, 403 Mass. 167 (1988), on which the Commonwealth relies. There, the defendant, at the hearing before the single justice on the Commonwealth's application for leave to appeal, "clearly raised" an argument about the Commonwealth's failure to file a

That being said, we agree with the Commonwealth that the Appeals Court had jurisdiction to allow the Commonwealth's motion for the late filing of its notice of appeal. As earlier suggested, the letter and spirit of Mass. R. A. P. 2 and 14 (b) gave the Appeals Court the power to act -- provided the notice of appeal was filed within one year of the issuance of notice of the order the Commonwealth sought to appeal, which it was in this case. See Commonwealth v. White, 429 Mass. 258, 263-264 (1999).[20] We hasten to add, however, that although the Appeals Court had the power to allow the Commonwealth's motion, it was

notice of appeal in the trial court, and thereafter, the single justice allowed the application "upon consideration of counsels' argument." Id. at 169. In those circumstances, we determined that it was implicit in the single justice's allowance of the Commonwealth's interlocutory appeal that he had exercised his authority to suspend rules under Mass. R. A. P. 2. Id. Here, as stated, no one brought the timeliness issue to the single justice's attention, and he did not mention the issue when he issued his order allowing the appeal to proceed. See Commonwealth v. Guaba, 417 Mass. at 750-752 (considering merits of Commonwealth's interlocutory appeal where, although Commonwealth's notice of appeal in the trial court was filed late, rule's time requirements were unclear and Commonwealth relied on erroneous advice of court clerk).

[20] The Appeals Court was correct that a trial court judge, had the request been made, would not have had authority on January 7, 2011 (when a trial court judge allowed the Commonwealth's motion to extend the time for filing its application to the single justice), to enlarge the time for the Commonwealth to file its notice of appeal, because that date was already more than forty days after the issuance of notice of the order allowing the defendants' motion to suppress. See Mass. R. A. P. 4 (c). Moreover, a motion to enlarge time under rule 4 (c) may only be granted on a showing of "excusable neglect" by the moving party. The Commonwealth made no such showing in this case.

not obligated to do so on this record. Where, as here, a single justice of this court allowed the Commonwealth's appeal to proceed but did so without addressing in any manner the lateness of the Commonwealth's notice of appeal, it remained open to the Appeals Court to consider the lateness issue in accordance with the standards of rules 2 and 14 (b). The Appeals Court would have been within its discretion to deny the motion, and to dismiss the appeal, if it concluded that good cause had not been shown for the late filing of the notice of appeal.

The Commonwealth's appeal, in any event, is now before this court for further appellate review, and insofar as the late-filed notice of appeal is concerned, this court is now the "appellate court" for purposes of Mass. R. A. P. 2 and 14 (b). We have thus considered the lateness issue anew. On the present record, we would be well within our discretion to conclude that the Commonwealth's late filing of its notice of appeal and its application for leave to appeal were egregious and inexcusable. The Commonwealth's repeated missteps in terms of compliance with the procedural rules governing interlocutory appeals, individually and collectively, reflect a complete disregard of court rules. The Commonwealth's noncompliance with the rules is exacerbated by the continued absence of any showing of good cause or even explanation for its repeated delays. Rather than dismiss the appeal, however, we shall address the merits. We do

so because, we acknowledge, there has sometimes been a lack of clarity in the manner in which the single justices of this court have, in the past, applied the procedural rules governing the timeliness of interlocutory appeals of orders on motions to suppress.

b.  The merits:  validity of the search of the car.  The Commonwealth argues that the motion judge erred in allowing the defendants' motion to suppress because (1) the stop of the Camry was justified because the officers had a reasonable suspicion that the Camry had been involved in a shooting in almost the same location two days earlier; (2) the exit order as well as the search of the Camry console were justified by a reasonable concern for safety on the part of the officers; and (3) in any event, the search of the console for a firearm was permitted under the automobile exception because the police had probable cause to believe the Camry had been involved in the shooting incident two days earlier.[21]

_____

[21] The Commonwealth offers an array of contextual facts to support its arguments, including the following:  the defendants were known to the police from earlier "firearms incidents," including one that had occurred only two months earlier; the Camry driven by Jordan was the same car that was involved in the shooting two days earlier and was near the location of that shooting; the shooter was identified as a young black male between the ages of twenty to twenty-three, a description that matched both Jordan and Jackson; the two defendants exhibited nervous and suspicious behavior both before and during the encounter with police; and Officer Serra's training in identifying "hides" allowed him to identify the center console,

The Commonwealth's arguments fail.  First, as the Commonwealth has conceded, it did not argue before the motion judge that the initial stop of the Camry was justified under a reasonable suspicion standard or, we infer, that the exit order and search of the vehicle were justified by a concern for officer safety; the Commonwealth's argument below was premised solely on the existence of probable cause.  "It has long been [this court's] rule that [it] need not consider an argument that urges reversal of a trial court's ruling when that argument is raised for the first time on appeal."  Commonwealth v. Bettencourt, 447 Mass. 631, 633 (2006).

Second, the facts found by the motion judge do not support the Commonwealth's position that there was probable cause to justify the stop of the Camry.  The judge found that while the license plate of the Camry in which the defendants were stopped on April 27 matched the license plate of the Camry involved in the shooting two days earlier, the vehicle was a rental vehicle, and the officers did not know the identity of the renter or the terms of the rental arrangement.  The judge concluded from these facts that two days was more than sufficient time to remove a gun from the car, and the absence of details about the car's rental weakened any link between the shooter and the defendants in any event.  As for the connection of Jordan and Jackson to a

which was accessible to the defendants and could contain a weapon.

firearm incident that had occurred two months earlier, the judge found that neither Jordan nor Jackson was charged with a crime in relation to that incident and that the Commonwealth was not "forthcoming" with information that connected that incident to the shooting incident occurring two days before the stop. The judge also determined that while Jordan and Jackson matched the victim's description of the shooter (a young, black male), the vague, general character of the description was not adequate to support a finding of probable cause; and that while the two defendants were nervous when stopped, this fact in itself was not enough to establish probable cause. Finally, the judge found that Officer Serra did not discover the "'non-factory' lines" around the center console until he entered the vehicle after the search had begun.

"We accept a judge's findings of fact, in the absence of clear error, and grant substantial deference to the conclusions of law based thereon." Commonwealth v. Motta, 424 Mass. 117, 121 (1997), citing Commonwealth v. Bakoian, 412 Mass. 295, 297-298 (1992). We discern no error in the findings here[22] and also agree with the legal conclusions the judge drew from the facts. It follows, of course, that without a justification for the

---

[22] The Commonwealth has not included a transcript of the hearing on the defendants' motion to suppress in the record on appeal, which obviously limits our ability to consider any challenge to the motion judge's findings.

stop, the subsequent exit order and search of the car cannot be sustained, and evidence of the gun must be suppressed. See, e.g., Commonwealth v. Bacon, 381 Mass. 642, 644 (1980).

In sum, based on the record before us, the Commonwealth has failed to show that the allowance of the defendants' motion to suppress was erroneous. The motion judge's order allowing the motion is affirmed.

c. Rule 15 procedure in future cases. Numerous applications to single justices for leave to pursue interlocutory appeals from orders on motions to suppress are filed in the county court each year by both defendants and the Commonwealth.[23] In order to provide greater clarity and consistency in the manner in which such applications are handled, we set out here certain procedures that the single justices will follow, and that we will require the parties to follow, in relation to Mass. R. Crim. P. 15 applications filed after the date of this opinion.

Going forward, we shall require a party (the Commonwealth or a defendant) seeking to take an interlocutory appeal from an order on a motion to suppress to demonstrate, to the satisfaction of the single justice, that there has been compliance with the rules concerning timeliness. Pursuant to

---

[23] An informal review of this court's internal records indicates that there have been, on average, 186 such applications filed in the county court for each of the last five calendar years.

rule 15 (b) (1), the applicant must file a notice of appeal in the trial court and an application for leave to appeal in the county court within ten days of issuance of notice of the suppression order.[24] The applicant shall affirmatively represent in the application that both the notice of appeal and the application have been filed within ten days, as the rule requires, or that the applicant has previously obtained, from the trial court judge or the single justice, the necessary extension(s) of time in which to file.[25] If the applicant cannot make this representation -- because the notice of appeal, the application, or both, are not timely and an extension has not previously been secured -- then the applicant must file along with the application a motion to enlarge or suspend the time or times for filing, together with an affidavit setting forth in

---

[24] The filing of a motion for reconsideration, accompanied by all necessary supporting material, within ten days of issuance of notice of the order stays the time for filing the notice of appeal and the application. The notice of appeal and application must then be filed within ten days of the trial court's ruling on the reconsideration motion. See Commonwealth v. Powers, 21 Mass. App. Ct. 570, 573-574 (1986) (discussing effect of motions for reconsideration on timeliness of appeals generally); Commonwealth v. Mandile, 15 Mass. App. Ct. 83, 85-91 (1983). See also Commonwealth v. Montanez, 410 Mass. 290, 294 nn.4, 5 (1991).

[25] If the applicant filed a motion for reconsideration in the trial court within ten days of issuance of notice of the order, the applicant shall so indicate in the application and must affirmatively represent that the notice of appeal and application have been filed within ten days of the ruling on the reconsideration motion or that the applicant has previously obtained the necessary extensions.

meaningful detail the reasons for the delay. These steps will help to ensure that any questions concerning the timeliness of the notice of appeal and the application are put squarely before the single justice. If the applicant fails to meet these requirements, the single justice may deny the application because of the noncompliance.

If a single justice is presented with both an application for leave to appeal and a motion to enlarge or suspend the time for filing the notice of appeal, the application, or both, he or she will first rule on the threshold procedural motion. If that motion is denied, the application for leave to appeal will then be summarily denied as well, because of the noncompliance with the timing requirements. The single justice will proceed to rule on the substantive merits of the application for leave to appeal if, and only if, he or she first allows the motion to enlarge or suspend time. The single justice will then determine, as Mass. R. Crim. P. 15 (a) (2) requires, whether allowing the interlocutory appeal "will facilitate the administration of justice." Commonwealth v. Cavanaugh, 366 Mass. 277, 279 (1974).

Implementation of these procedures will help to ensure that in the future, when a single justice of this court allows an application for leave to appeal and reports the appeal to the Appeals Court pursuant to rule 15 (a) (2), the single justice

will have been alerted to, and will have already resolved, any questions concerning the timeliness of the notice of appeal and the application. Accordingly, we would expect the Appeals Court, when faced with such an appeal, to focus only on the substantive merits of the interlocutory appeal and not to revisit any questions about late filing. Similarly, if the single justice reports the appeal to this court, we would expect to focus solely on the merits.

At the present time, there are, inevitably, a number of previously-authorized interlocutory appeals pending in both the Appeals Court and in this court in which unresolved timeliness issues remain. If a notice of appeal was not timely filed, and there is no indication that the single justice of this court addressed that issue when authorizing the appeal to proceed, the trial court, either appellate court, or a single justice of either court may, as previously explained, extend the time for filing the notice of appeal if an extension is warranted (subject to the time limits contained in Mass. R. A. P. 4 [c] and 14 [b]). The appellate court or a single justice also may, as previously explained, suspend the requirements of the rules in appropriate cases (subject to the time limits of Mass. R. A. P. 2). Any request for an enlargement of time or suspension of the rules that is made to an appellate court or a

single justice should be made in the court where the case is pending.[26]

If, in a currently-pending appeal, the application for leave to appeal was not timely filed, and there is no indication that this court's single justice previously addressed that issue, the appellate court in which the case is pending, or its single justice, may extend the time for filing if an extension is warranted. We recognize that the appellate rules do not govern extensions of time for filing applications pursuant to rule 15, and that, under a literal interpretation of rule 15 (b) (1), only a "trial judge" or a "single justice of the Supreme Judicial Court" can extend the time for filing an application. We believe, however, with respect to this very limited class of pending, previously-authorized cases, that the spirit of the rule would best be served by permitting either appellate court or a single justice of either court to extend the time for the application. For these cases only, as a matter of general superintendence, we shall recognize the authority of

---

[26] We trust that courts and judges faced with motions to enlarge time in such cases will be mindful, when acting on the motions, that a single justice of this court has already determined that the appeal is one warranting interlocutory appellate review. This does not mean that the motions to enlarge should automatically be allowed; every motion will need to be resolved on the merits. We do expect, however, that in these pending cases, the rules will be applied with some forgiveness, and that worthwhile appeals will not be dismissed lightly.

the Appeals Court and its single justices to entertain and act on such motions in cases that are pending there.[27]

d. <u>Possible rule changes</u>. This case has led us to question whether the ten-day period in rule 15 (b) (1) for filing notices of appeal and applications to a single justice for leave to appeal is sufficient. Our principal concern is with the time for filing the applications. We will request this court's standing advisory committee on the rules of criminal procedure to review these time requirements and, if the committee deems it appropriate, to propose suitable amendments to the rule.

We also question the advisability of having a standing order of this court that openly conflicts with a controlling court rule in such an important respect. See note 13, <u>supra</u>. We will therefore refer the standing order to this court's rules committee for its reconsideration.

4. <u>Conclusion</u>. For the reasons discussed, the order allowing the defendants' motion to suppress is affirmed.

<u>So ordered</u>.

---

[27] See note 26, <u>supra</u>.